GRIFFIN, Judge.
The state appeals a downward departure sentence for an offense committed in 1992. The defendant, William Valrio, acknowledges that under the holdings of Jones v. State, 639 So.2d 28 (Fla.1994) and Pope v. State, 561 So.2d 554 (Fla.1990),[1] the failure of the lower court to issue contemporaneous written reasons for a below guidelines departure sentence would require a reversal and remand for resentencing within the guidelines. Val-rio urges, however, that this court should certify to the Florida Supreme Court the same question certified by the First District Court of Appeal in the case of State v. Pease, 669 So.2d 314 (Fla. 1st DCA 1996). Based upon the cited cases, we can see no basis to do so. In line with controlling authority, the sentence is vacated and remanded for resen-tencing within the applicable sentencing guidelines.
SENTENCE VACATED and REMANDED.
THOMPSON, J., and PERRY, B., Associate Judge, concur.

. See also State v. Colbert, 660 So.2d 701 (Fla.1995).