FARMER, Judge.
Defendant pleaded guilty to his sixth DUI offense and his fifth driving with a suspended or revoked license (DWLS) offense. He was placed on 5 years probation. While on probation he was arrested on charges of DUI and DWLS. He again pleaded guilty. The recommended guidelines sentence was 41.7 months, with a range of 31.2 to 52.1 months. The trial judge imposed a concurrent 52 month sentence on both counts but then suspended it and imposed 5 years drug offender probation. The previous probation was reinstated to run consecutively to the new probation. The state appeals, and we reverse.
Section 316.656(1) provides as follows:
“(1) Notwithstanding the provisions of s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of s. 316.193, for manslaughter resulting from the operation of a motor vehicle, or for vehicular homicide.”
316.656(1), Fla. Stat. (1995). Defendant was convicted on his plea of guilty to an offense under section 316.193, driving while under the influence but not involving any death. He argues that section 316.656(1) is limited to only those DUI offenses involving death and therefore the trial judge had discretion to suspend the recommended guidelines sentence and impose probation without any period of incarceration. We disagree.
The plain meaning of this statute is that the court may not suspend sentence for any offense under 316.193, even those not involving a death. One of the enumerated offenses under section 316.193 is as follows:
“(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in See. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person’s normal faculties are impaired; or
(b) The person has a blood or breath alcohol level of 0.08 percent or higher.”
§ 316.193(1), Fla. Stat. (1995). No injury or death is necessary to constitute a violation under this provision. One of the penalties for a violation of section 316.193(1) is prescribed in section 316.193(2)(b) as follows:
“Any person who is convicted of a fourth or subsequent violation of this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; however, the fine imposed for such fourth or subsequent violation shall be not less than $1,000.”
§ 316.193(2), Fla. Stat. (1995). In addition, subsection (3) of section 316.193 provides as follows:
“(3) Any person: (a) who is in violation of subsection (1); (b) who operates a vehicle; *320 and (e) who, by reason of such operation, causes
1. damage to the property or person of another is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s: 775.083.
2. Serious bodily injury to another, as defined in s. 316.1933, is guilty of a felony of the third degree, punishable as provided in s.775.082, s. 775.083, or s. 775.084.
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.”
§ 316.193(3), Fla. Stat. (1995). Causing a death while driving under the influence of alcohol thus increases the gradation of the offense significantly and, correspondingly, the penalties. It is, however, a separate kind of offense under section 319.193, but not the only kind of offense. As subsection (1) shows, one can be guilty of a DUI violation without causing any injury.
The three categories under section 316.656(1) are therefore (A) any section 316.193 offense, (B) manslaughter, and (C) vehicular homicide. They are joined in the statute disjunctively by the word “or.” And so, the power to suspend sentence is abrogated if any one of the 3 section 316.193 categories is present. One can be guilty of a violation of section 316.193(1) without injuring or killing another person; the legislature thus intends to forbid suspension of sentence whenever an offense while driving involves alcohol. It also intends to forbid suspension of sentence whenever a death results from the use of alcohol.
In this case, defendant was convicted under section 316.193(2)(b) for his seventh DUI offense. It therefore follows that the court had no power to suspend the incarceration required by the sentencing guidelines in favor of drug offender probation.
Our decision renders moot the state’s second contention, namely that in suspending sentence the trial court departed from the guidelines without providing written reasons. We remand for resentencing within the guidelines.
GUNTHER, J., and MAY, MELANIE G., Associate Judge, concur.