700 So.2d 668 (1997)
William VALRIO, a/k/a Richard Bickers, Petitioner,
v.
STATE of Florida, Respondent.
No. 88845.
Supreme Court of Florida.
October 9, 1997.
*669 James B. Gibson, Public Defender, Andrea J. Surette, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General, Belle B. Turner, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
We review State v. Valrio, 678 So.2d 452 (Fla. 5th DCA 1996). We have jurisdiction under article V, § 3(b)(3), Florida Constitution. We quash the decision of the district court below in light of our recent decision in Pease v. State, No. 87,571, ___ So.2d ___, 1997 WL 618705 (Fla. Oct. 9, 1997), in which we held that a downward departure sentence may be affirmed where the trial court orally pronounced valid reasons for departure at the time of sentencing, but inadvertently failed to enter contemporaneous written reasons. Because the district court failed to affirm such a sentence in this case contrary to our holding in Pease, we quash the decision below and remand with directions that the district court affirm the trial court's downward departure sentence.[1]
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW and ANSTEAD, JJ., concur.
GRIMES, J., dissents with an opinion in which HARDING and WELLS, JJ., concur.
GRIMES, Justice, dissenting.
Valrio pled nolo contendere to the charge of felony DUI with the understanding that the State would seek to have him sentenced within the guidelines. However, when he was sentenced on October 20,1995, the judge sentenced him to a downward departure. While the judge orally stated reasons for doing so, no statement setting forth the grounds for the downward departure was filed. The State then appealed, asserting that the absence of written reasons for departure required resentencing within the guidelines. On February 9, 1996, more than three months after sentencing and after the State had filed its appellate brief, the judge entered a nunc pro tunc order setting forth the reasons for departure. There was no explanation of why written reasons had not been filed at the time of sentencing.
This Court has consistently held that failure to file written reasons for a departure sentence at the time of sentencing requires resentencing within the guidelines. The Fifth District Court of Appeal properly reversed the sentence and remanded for resentencing within the guidelines. In response to Valrio's request for certification to this Court, the court stated: "Based upon the cited cases, we can see no basis to do so. In line with controlling authority, the sentence is vacated and remanded for resentencing within the applicable sentencing guidelines." State v. Valrio, 678 So.2d 452, 452 (Fla. 5th DCA 1996).
The district court of appeal had good reason to believe that controlling authority dictated its ruling. As recently as 1994, this Court answered the following certified question in the affirmative:

*670 DOES POPE v. STATE, 561 So.2d 554 (Fla.1990), REQUIRE BELOW GUIDELINES DEPARTURE SENTENCES WITHOUT CONTEMPORANEOUS WRITTEN REASONS, WHERE THE DEFENDANT IS WITHOUT FAULT IN THE SENTENCING PROCESS, TO BE REVERSED FOR RESENTENCING WITHIN THE GUIDELINES?
Jones v. State, 639 So.2d 28, 29 (Fla.1994). Accord Whipple v. State, 596 So.2d 669 (Fla. 1992). See Branam v. State, 554 So.2d 512 (Fla.1990). Without attempting to distinguish our prior decisions, this Court has now made a 180-degree turn and reached the opposite conclusion.
I respectfully dissent.
HARDING and WELLS, JJ., concur.
NOTES
[1] We also reject as without merit the State's alternative argument on appeal that Valrio's sentence must be reversed because the trial court's oral findings are insufficient to justify the downward departure sentence. See State v. Sachs, 526 So.2d 48 (Fla.1988) (finding that evidence establishing that defendant is no longer a threat to society is valid reason for departure from recommended sentence); State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988) (finding by trial court that defendant had strong motivation to be rehabilitated and participation in drug rehabilitation program constitute valid reason for departure); see also State v. Frinks, 555 So.2d 916, 917 (Fla. 1st DCA 1990).