713 So.2d 1027 (1998)
STATE of Florida, Appellant,
v.
Victor D. BAKER, Appellee.
No. 96-05191.
District Court of Appeal of Florida, Second District.
June 5, 1998.
Rehearing Denied July 7, 1998.
*1028 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellee.
WHATLEY, Judge.
The State appeals the downward departure sentence imposed on Victor D. Baker. Baker entered a plea and was adjudicated guilty of aggravated battery. We agree with the State that each of the trial court's five stated reasons for departure is either improper or unsupported by sufficient record evidence. Therefore, we reverse.
First, we conclude that Baker's lack of criminal record is not a valid reason for departure because this fact is considered in calculating the guidelines. See Byrd v. State, 531 So.2d 1004 (Fla. 5th DCA 1988).
Next, we conclude that the remaining departure reasons given by the trial court were not supported by sufficient evidence. A downward departure sentence must be based upon circumstances or factors which reasonably justify mitigation of the sentence. § 921.001(6), Fla. Stat. (1995). Such circumstances or factors supporting a departure sentence must be established by a preponderance of the evidence. Id.
In the present case, the trial court found that Baker was an accomplice to the offense and was a relatively minor participant in the criminal conduct. It also found that the victim was an initiator, willing participant, aggressor, or provoker of the incident. However, there was no credible evidence presented to support these two findings. Therefore, these findings may not be used to support a departure sentence.
In addition, the trial court found that the need for payment of restitution outweighed the need for a prison sentence. This factor was also not supported by a preponderance of the evidence. There was no evidence establishing the amount of restitution or even that the victim requested restitution. In addition, there was no evidence establishing Baker's ability to pay restitution. We hold that there must be evidence of these factors to justify a departure sentence based on the need for payment of restitution.
We recognize that, ordinarily, the defendant's ability to pay restitution need only be considered at the time of enforcement of the restitution order. See § 775.089(6)(b), Fla. Stat. (1995). However, the purpose of sentencing a defendant to a downward departure sentence based on the above departure reason is to reimburse victims for their loss and it necessarily presupposes that restitution can be paid. If the defendant does not have the ability to pay restitution, the purpose of such a departure sentence is defeated.
Based on the foregoing, we certify the following question as being of great public importance:
WHAT FACTORS MUST BE PROVEN BY A PREPONDERANCE OF THE EVIDENCE TO ESTABLISH THAT THE NEED FOR PAYMENT OF RESTITUTION OUTWEIGHS THE NEED FOR A PRISON SENTENCE TO JUSTIFY A DOWNWARD DEPARTURE SENTENCE?
Finally, the trial court found that the offense was committed in an unsophisticated manner and was an isolated incident for which Baker has shown remorse. However, the only statement indicating any possible remorse by Baker was prompted by the trial court's questions. After imposing a departure sentence, the trial court noted that it had written its reasons for departure on Baker's scoresheet. The trial court then inquired:

*1029 THE COURT: Mr. Baker, you hold no ill will towards the victim in this case, do you?
BAKER: "Honestly I can say that he initiated the incident, but, I mean ..."
THE COURT: Do you hold any ill will towards him individually?
BAKER: To him after this?
THE COURT: Yes.
BAKER: No. I'm not stupid.
THE COURT: Are you sorry that this happened?
BAKER: Yeah, I'm sorry it happened.
THE COURT: I indicated onone of my reasons that the offense was committed, in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
I needed to get something out of his mouth on the record so that to show that was the reason for departure.
There was no expression of remorse by Baker before the trial court's inquiry or before the trial court noted its departure reasons. We conclude that Baker's guided statements did not provide sufficient evidence to support the departure sentence, especially where they were given after the sentence and departure reason were announced.
Accordingly, we reverse Baker's sentence and remand for resentencing within the guidelines. Since Baker's sentence was the result of a plea agreement between Baker and the trial court, Baker should be given the opportunity to withdraw his plea on remand. See State v. Cohen, 667 So.2d 438, 439 (Fla. 2d DCA 1996).
Reversed and remanded; question certified.
PATTERSON, A.C.J., and QUINCE, J., concur.