PATTERSON, Acting Chief Judge,
Concurring specially.
I concur with the majority’s result, but write to express my disagreement with one of the stated reasons for reversal. The majority here, as in State v. Baker, 713 So.2d 1027 (Fla. 2d DCA 1998), has added a condition not found in section 921.0016(4)(e), Florida Statutes (1995), or Florida Rule of Criminal Procedure 3.991(b) to the downward departure reason of the need for restitution. In addition to the trial court finding a need for restitution, this court has added the requirement that the defendant has the ability to pay restitution. In my view, if the legislature or the supreme court had desired such a condition, they would have provided for it. I do not think that this court has the authority to modify either the statute or the rule to add this requirement. This is particularly true in light of the fact that effective May 8, 1995, section 775.089(6), Florida Statutes, was amended to provide that financial resources and ability to pay restitution shall be considered at the time of enforcement of a restitution order, rather than at the time restitution is ordered. See Nieves v. State, 678 So.2d 468 (Fla. 5th DCA 1996).
I agree with the certified question not • only as to the issue of the ability to pay, but also as it relates to a victim’s desire to receive restitution. An order of restitution, except in exceptional circumstances, is mandated by section 775.089(l)(a), Florida Statutes (1995). Under some circumstances, restitution constitutes a debt due, owing, and payable to the State pursuant to section 960.17, Florida Statutes (1995). Although I think that the court may consider the victim’s desires for restitution in reaching a determination to use this reason for departure, I do not think that the victim’s desires should be deemed controlling. It is the trial court’s duty to determine whether the need for restitution outweighs the need for a prison sentence, notwithstanding the position of the victim or the prosecution, and that determination is at least to some extent a subjective one. It is not the job of an appellate court to re-evaluate the trial court’s findings absent a clear abuse of discretion.
In this case, however, as the majority notes, the record does not contain evidence to support the trial court’s downward departure. Thus, the departure was -an abuse of discretion, and I therefore agree that the case must be reversed and remanded for sentencing within the guidelines.