722 So.2d 853 (1998)
Thomas James LINE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-4174, 97-4175.
District Court of Appeal of Florida, Fourth District.
November 18, 1998.
Donna Levine and Fredrick R. Susaneck of Essen, Essen, Susaneck Canet & Lipson, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Benjamin and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Previously in this case, State v. Line, 698 So.2d 318 (Fla. 4th DCA 1997), we held that the trial judge had no discretion to withhold or suspend sentence for a seventh DUI conviction. The concluding paragraph of the opinion said that our disposition of the case rendered moot the issue whether the trial court had the authority to depart from the guidelines and remanded for resentencing within the guidelines. When the case returned to the trial judge hequite correctlyread our specific directions to preclude any downward departure sentence. The issue today is whether we were in error in so limiting the judge's sentencing discretion and thus whether in this appeal we should relax the law of the case doctrine to that extent to correct a manifest injustice.
The statute that commanded our principal holding in the previous appeal was section 316.656(1)[1] which we held barred the judge from withholding adjudication and suspending sentence for a successive DUI conviction. We were thus concerned solely with the issue of suspending the sentence. In short we had no occasion to consider what alternatives were available to the judge for this particular conviction. For that reason we deemed it unnecessary to reach the separate issue raised by the statei.e., whether the suspension of sentence, if otherwise authorized, nevertheless failed as a downward departure sentence because the judge had failed to set out written reasons. It is now apparent to us that our direction to resentence within the guidelines would have been proper only if we had actually decided that second issue and determined that the sentence failed as a downward departure. We were thus in error in specifying that limitation on resentencing.
We turn once again to the sentencing statutes to determine if they actually preclude mitigation by a downward departure.
*854 Section 316.193(2)(b), Florida Statutes (1997), provides that:
"Any person who is convicted of a fourth or subsequent violation of this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; however, the fine imposed for such fourth or subsequent violation may be not less than $1,000."
Under section 775.082, a felony of the third degree is punishable by a term of imprisonment not to exceed 5 years.[2] We note that section 775.082 contains no mandatory provisions precluding downward departures from the sentence recommended by the guidelines. Departure sentences are, in turn, generally authorized by the sentencing guidelines so long as they are based on valid reasons and those reasons are timely set forth in writing and filed with the clerk.[3] Where the judge orally states the reasons for the departure on the record of the sentencing hearing, the statute allows a timely filed transcript of the sentencing hearing to serve as the written reasons.[4]
In this case the trial judge made it clear that, if not precluded by our mandate from doing so, he would have otherwise imposed a downward departure sentence. That he was authorized by section 775.082 to impose a downward departure sentence is now abundantly clear to us, but our previous remand directions forbade him from doing so. We were thus in error in so limiting his sentencing discretion.
We deem it in the manifest interests of justice to relax the rigid requirements of the law of the case doctrine to allow the judge to consider a departure sentence for this defendant. See Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla.1965) ("an appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and that an exception to the general rule binding the parties to `the law of the case' at the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasonsand always, of course, only where `manifest injustice' will result from a strict and rigid adherence to the rule."); Preston v. State, 444 So.2d 939, 942 (Fla.1984), vacated on other grounds, 564 So.2d 120 (Fla.1990); and State v. Lochiatto, 381 So.2d 245, 247 (Fla. 4th DCA 1979).
We therefore reverse and remand to the trial judge to consider and impose, if he be so advised, a departure sentence. Upon imposition of any departure sentence, we may then review the sufficiency of the reasons given by the trial judge for departing from the guidelines.
DELL and SHAHOOD, JJ., concur.
NOTES
[1] § 316.656, Fla. Stat. (1997).
[2] § 775.082(3)(d), Fla. Stat. (1997).
[3] § 921.001(5), Fla. Stat. (1997) ("Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings.").
[4] § 921.0016(1)(c), Fla. Stat. (1997) ("A state prison sentence which varies upward or downward from the recommended guidelines prison sentence by more than 25 percent is a departure sentence and must be accompanied by a written statement delineating the reasons for the departure, filed within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure from the guidelines at sentencing is permissible if it is filed by the court within 7 days after the date of sentencing.").