721 So.2d 767 (1998)
STATE of Florida, Appellant,
v.
John WARNER, Appellee.
No. 97-2862.
District Court of Appeal of Florida, Fourth District.
November 18, 1998.
Rehearing Denied January 5, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellant.
Michael J. Heise, Fort Lauderdale, for appellee.
*768 KLEIN, Judge.
After the trial court suggested the sentence it would impose in response to a plea to the charges, defendant, on a later date, pled guilty to three counts of driving under the influence arising out of one episode. The trial court accepted the plea and entered a downward departure sentence, as it had indicated it would, based on three mitigating factors in section 921.0016(4), Florida Statutes (1995). The state appeals, arguing that the court erred in entering the departure sentence over its objection. We reverse.
In State v. Gitto, 23 Fla. L. Weekly D1550, ___ So.2d ___, 1998 WL 335787 (Fla. 5th DCA June 26, 1998), the Fifth District Court of Appeal, en banc, held that the trial court has no authority to plea bargain with a defendant over the state's objection, and no authority to sentence a defendant in reliance on such a plea. The Gitto court relied on several cases from other jurisdictions, finding no Florida cases directly on point, and held:
We conclude, consistent with courts of other jurisdictions, that the trial court has no power unilaterally to enter into a plea agreement with the defendant and that such an agreement cannot form the basis of a downward departure from the guidelines. The inability of the trial court to plea bargain with a defendant has its genesis in the doctrine of separation of powers, which is a cornerstone of our form of government. In Florida, the doctrine is incorporated in Article II, section 3, of the Florida Constitution.
Id. at D1551.
We have read the cases from other jurisdictions relied on by the fifth district. Although those cases contain language which can be interpreted as lending some support to the conclusion the court reached in Gitto, we find the cases to be factually distinguishable.[1]
Although the Gitto court characterized the trial court's conduct as engaging in "plea bargaining," 23 Fla. Weekly at D1551, a court is never bound to impose a specific sentence, even if the court has participated in the negotiations. Goins v. State, 672 So.2d 30 (Fla.1996). If the judge decides not to impose the sentence committed to by the judge during plea discussions, the defendant is entitled to withdraw the plea. Goins, 672 So.2d at 32.
A "plea bargain" to us, connotes an "agreement or contract." American Heritage Dictionary 107 (1981). Unlike trial courts, who are not bound to a specific sentence, agreements between the prosecutor and the defendant can be enforceable under contract law. State v. Frazier, 697 So.2d 944, 945 (Fla. 3d DCA 1997)(state required to nolle pross charges against third persons per plea agreement); State v. Davis, 188 So.2d 24 (Fla. 2d DCA 1966)(enforcing prosecutor's agreement not to prosecute if defendant passed polygraph test).
In Davis v. State, 308 So.2d 27, 29 (Fla. 1975), our supreme court observed:
[I]t is true that plea discussions in which the trial judge is involved have been categorized as "delicate" and that American Bar Association in its Standards for Criminal Justice Relating to Guilty Pleas has concluded that the trial judge should not participate in such plea discussions until after a tentative plea agreement has been entered into between counsel for the parties. Nevertheless, we refrain from condemning the practice per se since we are confident that the trial judges of this state will take all necessary precautions to assure that defendants' rights are protected *769 by appropriate safeguards. [footnote omitted]
See also Barker v. State, 259 So.2d 200, 204 (Fla. 2d DCA 1972)(In plea bargaining discussions, the court can discuss sentencing concessions such as giving less than the maximum sentence, probation as an alternative or concurrent sentences rather than consecutive. The state's concurrence is not essential, although it is desirable.).
We therefore respectfully disagree with Gitto to the extent that it holds that a court can never, over the state's objection, advise a defendant of the sentence it would impose if the defendant pleads guilty to the charges filed by the state.[2] Our holding is limited to cases in which the plea is to the charge determined by the prosecutor. The court cannot, over the state's objection, reduce the charge and accept a plea to the reduced charge. We note that Florida Rule of Criminal Procedure 3.170(h) requires the state's consent to a plea to lesser charges; however, rule 3.170 is silent on whether the state must consent where the plea is to the charges.
We now address the state's argument that there was an insufficient basis in the record to sustain the departure. The state argues that the trial court erred in departing without taking testimony or receiving other evidence. When the state pointed this out, the trial court responded that it was doing so based on proffered information. We agree with the state that a proffer is not evidence, and that the court erred in not taking evidence. See § 921.001(6), Fla. Stat. (1995)(the level of proof to establish a departure sentence is preponderance of the evidence); and State v. Baker, 713 So.2d 1027 (Fla. 2d DCA 1998).
One of the grounds for departure given by the trial court in this case was that "the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0016(3)(j), Fla. Stat. Defendant, whose blood alcohol tested between .13 and .15, ran into the rear of a vehicle which struck another vehicle at a red light, resulting in serious injuries. Given the state's strong public policy against DUI,[3] we conclude that this reason for departure is not available in this case. If this DUI could be considered an isolated incident, then all first DUI's by people having clean records could be considered such. Nor do we think that drunk driving can be "committed in an unsophisticated manner." Accordingly, on remand, this reason for departure will not be available.
We are not deciding at this time the availability of the other reasons given by the trial court for departure; however, if the court does depart for other reasons they must be based on competent substantial evidence. Reversed.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) was a contempt case in which the Supreme Court reversed the lower court's appointment of a special prosecutor who was not impartial. Commonwealth v. Corey, 826 S.W.2d 319 (Ky.1992) was a death penalty case in which the trial judge had allowed the defendant to plead guilty in the guilt phase with the agreement that the defendant could withdraw his plea if he was sentenced to life in prison or death in the penalty phase. In State v. Williams, 277 N.J.Super. 40, 648 A.2d 1148 (N.J.Super.Ct.App.Div. 1994), the trial court had vacated a conviction and allowed the defendant to accept an earlier plea offer which was no longer open. In People v. Mikhail, 13 Cal.App.4th 846, 16 Cal.Rptr.2d 641 (1993), a successor judge had set aside a plea of guilty that had been negotiated with the prosecution and was approved by the original judge.
[2] We do agree with that portion of Gitto which holds that when the state is not a party to a plea agreement, the agreement itself cannot serve as a basis for a downward departure from the sentencing guidelines. State v. Kennedy, 698 So.2d 349 (Fla. 4th DCA 1997). That was not, however, the basis for the downward departure in this case.
[3] See Baker v. State, 377 So.2d 17 (Fla.1979); Ingram v. Pettit, 340 So.2d 922 (Fla.1976); Lindsay v. State, 606 So.2d 652 (Fla. 4th DCA 1992).