ON MOTION FOR RECONSIDERATION/CLARIFICATION AND MOTION FOR REHEARING EN BANC OF ORDER GRANTING MOTION TO DISMISS

STEVENSON, J.
By order dated January 29, 1999, this court granted appellee’s motion to dismiss the appeal filed by the State. We deny the State’s motion for rehearing en banc, grant the motion for reconsideration/clarification, and write to briefly explain the reason for the dismissal.
Appellee was charged with delivery of cocaine and pled no contest to the charge. Appellee’s score sheet reflected a point total of 35.2 which, under the guidelines and absent a departure, called for any nonstate prison sanction, including community control. See Fla. R.Crim. P. 3.703(d)(27)(1997). The trial court sentenced appellee to a six-month jail sentence, and the State filed the instant appeal.
Appellee filed a motion to dismiss the appeal, asserting that his sentence of six months in the county jail was within the guidelines, was not a departure sentence, and was, therefore, neither unlawful *58 nor illegal; hence, the State could not appeal. See Fla. R’App. P. 9.140(c)(l)(j)-(k)(limiting the State’s right to appeal sentencing orders to only those orders which impose unlawful or illegal sentences and those sentences outside of the range permitted by the sentencing guidelines). In response to appellee’s motion to dismiss, the State advises that its challenge to the sentence, which is lawful on its face, arises from the State’s objection to the procedure the trial court used in accepting the plea. Here, the State takes issue with the trial court’s telling the defendant what sentence the court intended to impose prior to the actual entry of the plea and prior to hearing the State’s factual basis for the plea. We grant the motion to dismiss because this court has previously held that such a procedure by the trial court is proper. See State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998).
The following colloquy occurred at the hearing:
THE COURT: State of Florida versus Levon Shillingford.
[DEFENSE COUNSEL]: This was placed on recall. I spoke with him. He is charged with delivery of cocaine, two prior felonies.
Would Your Honor consider six months Broward County Jail?
THE COURT: Are you representing Mr. Shillingford?
[DEFENSE COUNSEL]: I am.
(Whereupon, a discussion was held at sidebar outside the hearing of the jury.)
THE COURT: We’ll be taking pleas in a little while.
(Whereupon, the case was put on recall.) THE COURT: Mr. Shillingford, my understanding is your plea will be adjudication, six months Broward County Jail.
Thereafter, the trial judge did a full plea inquiry as required by the rules of criminal procedure.
In Warner, this court quoted Davis v. State, 308 So.2d 27, 29 (Fla.1975), where the supreme court stated:
[I]t is true that plea discussions in which the trial judge is involved have been categorized as “delicate” and that the American Bar Association in its Standards for Criminal Justice Relating to Guilty Pleas has concluded that the trial judge should not participate in such plea discussions until after a tentative plea agreement has been entered into between counsel for the parties. Nevertheless, we refrain from condemning the practice per se since we are confident that the trial judges of this state will take all necessary precautions to assure that defendants’ rights are protected by appropriate safeguards, [footnote omitted].
Id. at 768-69.
The panel, in Warner, went on to disagree with a portion of the decision in State v. Gitto, 23 Fla. L. Weekly D1550, 731 So.2d 686 (Fla. 5th DCA 1998), review denied sub nom. Perkins v. State, No. 93,618, 728 So.2d 204 (Fla.1998), and review denied sub nom. Harpin v. State, No. 93,620, 728 So.2d 202 (Fla.1998), and held that a trial court can, over the State’s objection, advise a defendant of the sentence it would impose if the defendant pleads guilty to the charges filed by the State.[1] The court, in Warner, pointed out that its holding was limited to cases where the plea is. to the offense charged by the prosecutor.
Lastly, we reject the State’s contention that the sentence is potentially illegal because the trial court told the defendant what sentence it would give prior to hearing the State’s factual basis for the plea. No matter how ill-advised such a practice may be in any particular case, the sentence is not rendered illegal thereby. The trial court is required to take the *59 factual basis only upon entry of the plea. See Fla. R.Crim. P. 3.170(k). Furthermore, as the court pointed out in Warner, the trial judge is never bound to impose the sentence that it suggests it would give if a plea were entered. However, if the judge decides not to give the suggested sentence, the defendant would be entitled to withdraw the plea. See 721 So.2d at 768.
Accordingly, the appeal by the State from the lawful sentence imposed in this case is DISMISSED.
DELL and KLEIN, JJ., concur.

. The opinion, in Warner, "agree[d] with that portion of Gitto which holds that when the state is not a party to a plea agreement, the agreement itself cannot serve as a basis for a downward departure from the sentencing guidelines.” 721 So.2d at 769 n. 2.