737 So.2d 1121 (1999)
STATE of Florida, Appellant,
v.
Pequita L. GOSIER, a/k/a Piquita L. Gosier, Appellee.
No. 98-1733.
District Court of Appeal of Florida, Fourth District.
June 2, 1999.
Rehearing Denied July 28, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellee.
SCHACK, LARRY, Associate Judge.
The defendant in this case was charged with felony level driving on a suspended license. She was operating a motor vehicle while her driving privilege was suspended due to an habitual offender suspension. At the time of the defendant's plea to the charge, defense counsel made certain representations to the court concerning the crime and the defendant, geared toward convincing the trial judge to depart downward from the sentencing guidelines. The defendant scored at a level requiring considerable prison time. It is clear from the record that the trial judge wished to depart downward. He and defense counsel attempted, with some effort, to try to make this case fit into a recognized reason for departure.
The following exchange occurred between the trial judge and defense counsel before the entry of the defendant's plea:
THE COURT: Anything I do in this case will be a downward departure. She scores forty months. What's the range for downward departures?
[Defense Counsel]: Can I have a moment?
THE COURT: Yeah. Why don't you look.
I understand she has the record. I also have to sentence for the crime she is alleged to have committed. If you give me a good reason for downward departure, I will probably put her one year in-house arrest, Community Control II with special conditions. I need some legal ...
[Defense Counsel]: On a plea to the Court, could we say she cooperated with the State to resolve this?

*1122 THE COURT: Take a look at the reasons and see whether or not you got one that will apply. Okay.
After calling another case, the trial judge began the plea colloquy with Ms. Gosier during which the court stated as follows:
THE COURT: What were the reasons you said they were outside the departure reasons. Did you say you had other reasons?
[Defense Counsel]: No, Judge, these are all from the enumerated reasons.
THE COURT: Run through them slowly again.
[Defense Counsel]: Offense was committed in an unsophisticated manner. I am saying unsophisticated because she didn't try to deceive the officer.
THE COURT: Driving around with expired tag, also says it's an isolated incident; it is not, with a lot of DUS suspensions.
[Defense Counsel]: We are not limited to only those enumerated. So what I have done, I have taken pieces from the enumerated reasons for mitigation and I have combined them together.
So I said the offense was committed in an unsophisticated manner and arose from a life-style, meaning her license was suspended for her drug use and previous failures to pay. So this arose from a life-style from which the defendant has abandoned, saying she's abandoned it because she is now working and paying rent now, is paying her electric and phone bill and supporting herself. She has abandoned that life-style for a productive crime-free way of life. The defendant has cooperated with the State, cooperated in that she resolved the case with the Court without forcing the State to prove the case at jury trial.
And she has shown remorse to the Court by admitting that she's guilty.
The defendant entered a plea to the crime as charged. During the course of the plea colloquy, she stated the following to the court:
I support me. I am living, I have a house now, I live by myself. I pay my rent, which is 450 a month. My electricity, my phone bill. I am all alone by myself and I pay this man that takes me to work, picks me up every day.
And if you want me to go to any treatment, which I am not on drugs now, that is my past because I am looking forward to a future. I had a past. I am trying to correct it and by doing the better things I should have did before.[1]
Based on those comments, the trial court stated the following in imposing the departure sentence:
I am checking here. State can do what they want with this, that the offense was committed in an unsophisticated manner for which the defendant has shown remorse. The defendant has abandoned her life-style that led up to the suspension and the items contained in the employer's letter.
The trial judge then filed a guidelines scoresheet listing the following reasons for departure: "[t]he offense was committed in an unsophisticated manner and for which the defendant has shown remorse;" "[d]efendant has abandoned lifestyle leading *1123 to suspension;" and "[s]ee employer's letter."
It is important to recognize two controlling principles of the sentencing guidelines. First, under the sentencing guidelines, "[t]he primary purpose of sentencing is to punish the offender." § 921.001(4)(a)(2), Fla. Stat. (1997). Second, "[a] departure from the recommended guidelines sentence is discouraged unless there are circumstances or factors which reasonably justify the departure." § 921.0016(2), Fla. Stat. (1997).
The defendant argues for affirmance based on a footnote in Valrio v. State, 700 So.2d 668 (Fla.1997). The issue in Valrio was whether the district court erred by failing to uphold a departure sentence where the trial judge did not reduce orally articulated reasons for departure to written form. The footnote cites two cases that upheld departure sentences based on findings that were not made by the trial judge in this case. See id. at 669 n. 1.
In this case, the language used by the trial judge compels the conclusion that the primary reason for departure is based on section 921.0016(4)(j), Florida Statutes (1997).[2] That subsection requires that three components be satisfied:
(a) the offense was committed in an unsophisticated manner;
(b) it was an isolated incident;
(c) for which the defendant has shown remorse.
See State v. Spioch, 706 So.2d 32, 36 (Fla. 5th DCA), review denied, 718 So.2d 171 (Fla.1998). It is difficult to understand how this type of crime can be committed in an unsophisticated manner. See State v. Warner, 721 So.2d 767, 769 (Fla. 4th DCA 1998) ("[n]or do we think that drunk driving can be `committed in an unsophisticated manner'"). The trial judge determined that this was not an isolated incident. Finally, there is no evidence of remorse.[3] Thus, the statutory ground for downward departure has not been established.
The remaining two grounds noted by the trial judge for departure (i.e., that the defendant abandoned the lifestyle that led to the license suspension, and the employer's letter to the court), are not "circumstances or factors which reasonably justify the departure."[4] § 921.0016(2), Fla. Stat. (1997). It is interesting to note that in her brief, the defendant did not direct us to any authority to uphold these two factors other than the cases cited in the footnote in Valrio. As discussed above, the trial judge in this case did not find the factors discussed in that footnote.
The defendant had the burden of establishing the basis for a departure sentence by a preponderance of the evidence. See State v. Silver, 723 So.2d 381, 383 (Fla. 4th DCA 1998); § 921.001(6), Fla. Stat. (1997). Because the record does not support a downward departure, we reverse.
We do not fault the trial judge for his desire to do equity in sentencing this defendant. However, the sentencing guidelines will not permit it. Since the transcript makes clear that before the defendant entered her plea, the trial court advised the defendant that he would impose a downward departure sentence if any reason could be found to do so, we reverse and remand to permit the defendant to withdraw her plea, or if *1124 she declines to do so, for the imposition of a guidelines sentence.
REVERSED AND REMANDED.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] That is all the evidence that could have been relied upon by the trial judge to justify a departure sentence. Although defense counsel made a number of statements concerning the defendant, the defendant's life, the crime, and supposed remorse, those statements do not constitute evidence. See State v. Warner, 721 So.2d 767, 769 (Fla. 4th DCA 1998) ("We agree with the state that a proffer is not evidence."); Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982) ("[T]he practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.").
[2] "The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse."
[3] See footnote 1.
[4] Defense counsel read a letter to the trial court from the general manager of the defendant's employer as follows:

Miss Gosier has been employed by Homing Inn since January, 1998, is hard working and reliable and reports for work every day without fail. Her normal working hours are 8 a.m. to five o'clock p.m., Monday through Saturday. Should you have any questions, feel free to contact me.
The quoted language from the transcript is slightly different from the wording of the letter itself. Although the letter is part of the record on appeal, it is not clear whether it was actually introduced as an evidentiary exhibit at the time of the change of plea and sentencing.