STONE, J.
The state brings this consolidated appeal from Davidson’s sentence for two counts of possession of cocaine, possession of drug paraphernalia, driving while license suspended, and resisting arrest without violence. Davidson pled guilty to all charges after the trial judge, in response to a request by defense counsel, asked Davidson if he was asking for “an offer.” Davidson responded affirmatively, and the trial judge stated:
Five years Florida State Prison suspended to be served as two years community control followed by two years of probation, special condition Turning Point.
The plea was entered and accepted over the state’s objection, and the sentence, which was within the guidelines, was imposed as previously indicated by the court on the two possession counts. Davidson was sentenced to time served on the three other charges. We affirm. The state asserts on appeal that the trial judge improperly entered into a plea bargain with the defendant.
In State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), rev. granted, 732 So.2d 328 (Fla.1999), this court recognized that a trial court may, over the state’s objection, advise a defendant of the sentence it might impose should the defendant plead guilty. In that case, the trial judge suggested a possible sentence, and the defendant pled guilty at a later date. In upholding this procedure, this court found that the trial judge had not actually determined the sentence prior to the plea, but had merely suggested one. Thus, we reasoned, the court would not be bound by the suggested sentence leaving the trial judge free to impose a different sentence if appropriate. We noted, of course, that in that event, the defendant would be entitled to withdraw his plea. Accordingly, we affirm, but not without admonition that our acknowledgment of trial court discretion in this regard should not be taken as encouragement of the practice of direct negotiation of a plea by the court absent the concurrence of both parties, as such participation by the trial court is viewed by many as unseemly. Although we acknowledge conflict with State v. Gitto, 731 So.2d 686 (Fla. 5th DCA 1999), we do not disagree with its recognition of certain evils that may accompany judicial participation in plea negotiation, including:
(1) The risk that the practice may create the impression in the mind of the defendant that he or she would not receive a fair trial were the defendant to go to trial before this judge;
(2) judicial participation makes it difficult for the judge to objectively determine the voluntariness of the plea when it is offered;
(3) judicial participation to the extent of promising a certain sentence diminishes the value of a presentence investigation and state participation in a sentencing hearing; and
(4) the risk of not going along with the suggested disposition may seem so great to the defendant that he or she may be induced to plead guilty even if innocent.
Furthermore, we note that the court in Gitto also expressed concern that a victim’s statutory right to be heard at a meaningful time prior to sentencing may be subverted where the trial judge has pre-determined a sentence in order to obtain the defendant’s plea agreement. See 731 So.2d at 692; § 921.143, Fla. Stat. Victim input is not relevant to drug possession charges, hence we leave for another day the propriety of trial court involvement in plea negotiation where victim participation is relevant to the charge.
We also affirm as to the issues raised on cross-appeal.
WARNER, C.J. and STEVENSON, J., concur.