813 So.2d 184 (2002)
Carlos GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4440.
District Court of Appeal of Florida, Second District.
March 22, 2002.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tallahassee, for Appellee.
KELLY, Judge.
In August 1999, Carlos Green was convicted of manslaughter and sentenced to thirty years as a habitual felony offender with a minimum mandatory sentence of fifteen years as a prison releasee reoffender. Green appealed, and this court affirmed his conviction but struck his habitual offender designation because this court erroneously believed that the trial court had imposed equal concurrent sentences contrary to Grant v. State, 770 So.2d 655 (Fla.2000). See Green v. State, 782 So.2d *185 416 (Fla. 2d DCA 2001). On remand the trial court again sentenced Green to thirty years as a habitual felony offender with a minimum mandatory sentence of fifteen years as a prison releasee reoffender. In this appeal, Green challenges the trial court's reimposition of the habitual felony offender sentence. We reverse.
Green argues that the doctrine of law of the case precludes the trial court from imposing the habitual offender sentence. We agree. While this court has the power to reconsider and correct an erroneous ruling, the exercise of that power is limited to "unusual circumstances," and only where a "manifest injustice" will result from adherence to the rule. Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).
In Green's first appeal, the State had an opportunity to move for rehearing from our decision and failed to do so. The State took no action until after this court's mandate had issued and the decision had become final. We do not consider the State's admitted failure to notice this court's error to be the type of "unusual circumstance" warranting an exception to the law of the case doctrine.
The State has also failed to demonstrate that adherence to the doctrine will result in manifest injustice. Courts have found manifest injustice when application of the law of the case doctrine results in a harsher sentence for the defendant. See e.g., Line v. State, 722 So.2d 853 (Fla. 4th DCA 1998); Zolache v. State, 687 So.2d 298 (Fla. 4th DCA 1997). The State has not directed our attention to any case finding manifest injustice when the application of the doctrine results in a lesser but lawful sentence. We recognize the State's interest in ensuring that defendants such as Green be punished to the fullest extent of the law. However, we do not view the fact that Green will serve a lesser but lawful sentence as rising to the level of manifest injustice given the State's initial failure to point out our error when it had the chance to do so. Accordingly, we reverse and remand to the trial court with directions to resentence Green as a prison releasee reoffender only.
Reversed and remanded.
GREEN and STRINGER, JJ., Concur.