PER CURIAM.
Appellant pled no contest to several felony counts of driving under the influence and was denied a downward departure sentence. Relying on our decision in State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), disapproved in State v. VanBebber, 848 So.2d 1046 (Fla.2003), the trial judge ruled that the mitigating factor that “the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant had shown remorse” was not available to support a downward departure on a DUI conviction.
In Warner, we held that a trial court cannot depart downward in a DUI case on the grounds that “the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” Constrained by Warner, the trial court stated:
No, there’s nothing more to say. I’ve listened to all the argument. I’ve reviewed the statutes. I paid close attention to the case law you submitted to me. I’ve asked my questions and I have — my personal feelings are irrelevant. My thoughts on the Court’s discretion and things of that nature are irrelevant in a case such as this.
I believe the statute is sufficiently clear that I have no discretion in this matter. That I cannot downward depart and I will not downward depart. If there’s going to be any downward departure it’s going to be after the higher court hears about it.
During the pendency of this appeal, the Florida Supreme Court disapproved of our decision in Warner and held that the miti-gator in section 921.0026(2)(j), Florida Statutes, is available to support a downward departure from a sentence for a felo *526 ny DUI conviction. See State v. VanBebber, 848 So.2d 1046 (Fla.2003). Agreeing with the second district’s reasoning in State v. VanBebber, 805 So.2d 918 (Fla. 2d DCA 2001), the court stated:
Section 921.0026 plainly states, “This section applies to any felony offense, except any capital felony, committed on or after October 1, 1998.” Because the mitigator in section 921.0026(2)© applies to any felony offense, except any capital felony, committed on or after October 1,1998, it is available to support a downward departure from a felony DUI conviction. The fact that the Legislature specifically exempted only capital felonies is further support for the conclusion that section 921.0026(2)© applies to felony DUI convictions.
848 So.2d at 1049 (footnotes omitted).
The state recognizes that the Florida Supreme Court has determined that the statutory mitigator set forth in section 921.0026(2)© is available as grounds for a downward departure. However, it argues that the particular facts of this case do not warrant a downward departure. Whether the facts in this case would or would not support a downward departure is not an issue properly before us at this time. Because the trial court followed Warner in determining it lacked discretion to impose a downward departure sentence in a DUI case, it did not consider the merits of appellant’s request for a downward departure. We note, however, that at sentencing, the court indicated that it would consider imposing a downward departure sentence if it were allowed to do so by appellate mandate.
Accordingly, we reverse appellant’s sentence and remand for the trial court to review the facts and circumstances of this case and consider whether a downward departure sentence is appropriate on the ground that “the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” See Line v. State, 722 So.2d 853 (Fla. 4th DCA 1998)(remanding for the trial court to consider imposing a departure sentence where the court had determined it lacked discretion to impose a departure sentence due to erroneous appellate directions).
REVERSED and REMANDED.
FARMER, C.J., GROSS and TAYLOR, JJ., concur.