11 STEWART, Judge.-
This appeal was reargued before a five judge panel in accordance with LSA-Const. Art. 5 see. 8(B).
Following a second suit against his former employer and its worker’s compensation insurer, Jerry C. Lynn appeals the partial denial of his medical expenses claim and the rejection of his request for statutory penalties and attorney’s fees. We amend to award penalties and attorney’s fees, and, as amended, affirm.
FACTUAL AND PROCEDURAL HISTORY
Lynn, a plumber employed by Berg Mechanical, Inc., suffered serious injuries at a jobsite on August 31, 1981, while assisting a delivery driver with the repair of an eighteen-wheeler. A metal spring, forcibly propelled from the air brake system of the truck, struck plaintiff in the head and knocked him to the ground. As a result, he sustained four fractures to the skull, severe trauma to the forehead, cervical and lumbar strain complicated by spinal distortion, vertebral displacement and spinal fixation, temporomandibular joint syndrome (TMJ), depression, and other psychological detriment.
In November 1985, Lynn filed suit against his former employer and its worker’s compensation insurer, Travelers Insurance Company. The trial court, in May 1990, determined plaintiffs claim for weekly disability benefits to be prescribed, while further finding only some of his unpaid medical expenses *142 to be causally related to the accident. In an opinion rendered on June 19, 1991, another panel of this court affirmed the decision below, but amended the judgment to grant penalties and attorney’s fees, together with additional medical expenses. See Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La. App. 2d Cir.1991).
Subsequent to the first trial (May 2-3, 1990), Lynn began again seeking treatment for his various complaints. When Travelers refused to pay any of these expenses, the former employee once more filed suit. Before the second trial (November 19, 1992), plaintiff had accrued medical bills totalling over $58,000. After considering both the earlier record and all evidence presented at the later proceeding, the lower court deemed |2the insurer liable for all charges except those related to the emplacement of plaintiffs dental implants. Lynn now appeals, claiming the orthodontic treatment to have been necessitated by the 1981 accident. Additionally, he seeks review of the denial of his claim for penalties and attorney’s fees.
DISCUSSION
Medical Benefits — Prosthodontics
Maintaining that the accident-caused TMJ necessitated his dental implants, appellant argues that the trial court wrongly disallowed the associated expenses. We disagree. LSA-R.S. 23:1203 requires the employer to furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state. In seeking medical benefits under the worker’s compensation law, an injured employee must prepon-derately prove by specific evidence, and to a reasonable certainty, that his claim is related to his work injury. Lynn, supra, and authorities therein.
In May 1990, Lynn began seeing an oral surgeon, Dr. Daniel Lew, and his staff at LSU-MC, for facial pain associated with the temporomandibular joint and osteoarthritis. Dr. Lew eventually concluded that his patient would benefit from replacing his traditional dentures with prosthodontics (permanently implanted dentures). Although the physician conceded that the previous removal of all of plaintiffs teeth may have contributed to the TMJ and osteoarthritis, he could not attribute the need for new dentures to the 1981 accident. Dr. Peyton Cunningham, a dentist, acting at the request of Dr. Lew, manufactured appropriate prosthetic devices to fit the implants. While agreeing that there existed a medical necessity for the dental implants and prosthodontics, Dr. Cunningham refused to speculate as to whether the accident caused plaintiffs condition.
Dr. Charles Mclnnis testified at both trials by deposition. Lynn first visited his office in January 1989. The patient at that time had only eighteen teeth, most having been capped; the crowns appeared worn and the gums had significantly receded. At Lynn’s insistence, Dr. Mclnnis extracted all of the remaining teeth. When questioned, |3however, the dentist could not say that the 1981 accident caused plaintiffs condition. Instead, he explained that many patients with similar symptoms had never been involved in a traumatic incident. This court thus previously concluded that the need for dentures could not reasonably be related to the work injury. Indeed, the appellate opinion indicated that, immediately after the accident, Lynn’s oral symptoms included only chipped (not missing) teeth and a fractured bridge.
Accordingly, the trial court did not err in denying plaintiffs current claim for all medical expenses related to the dental implants.

Penalties & Attorney’s Fees

LSA-R.S. 22:658 provided the applicable law at the time of Lynn’s 1981 accident. It then provided that penalties and attorney fees shall be awarded when benefits were terminated by the employer or insurer without probable cause and in an arbitrary and capricious manner.
After LSA-R.S. 23:1201.2 was amended by Acts 1983, 1st Ex.Sess., No. 1, sec. 1, effective July 1, 1983, LSA-R.S. 22:658 was no longer applicable to worker’s compensation cases. The 1983 amendment was substantive in nature. We therefore apply the standard found in LSA-R.S.
*143 22:658. See Cooper v. AMI, Inc., 454 So.2d 156 (La.App. 1st Cir.1984), writ denied. The statute is to be strictly construed. Lewis v. Alloy Casting of La., Inc., 465 So.2d 847 (La.App. 2d Cir.1985).
Whether termination of, or refusal to pay, worker’s compensation benefits is arbitrary, capricious or without probable cause depends primarily on the facts known to the employer or insurer at the time of termination or refusal. Lamette v. Morrison Assur. Co., 461 So.2d 351 (La.App. 2d Cir.1984).
The insurer is required to make a reasonable effort to determine the insured’s condition at the time when compensation benefits are terminated. Wiley v. Southern Casualty Ins. Co., 380 So.2d 214 (La.App. 3d Cir.1980). Refusal to pay without having substantial reason or upon mere protestation that the matter is unclear from a legal standpoint will support an award of penalties. Brasseaux v. Argonaut Ins. Co., 432 So.2d 1153 (La.App. 3d Cir.1983). Travelers refused to pay Lynn’s medical expenses incurred since the 1990 court order without ever investigating the matter. Therefore, we agree with Lynn’s contention that Travelers was arbitrary and capricious in its failure to pay. Lynn is entitled to penalties of 12% of the $29,725.37 total medical benefits award, or. $3567.04.
Additionally, a claimant is entitled to reasonable attorney’s fees if the failure to pay “claims arising under this Chapter” is found to be arbitrary, capricious, or without probable cause. LSA-R.S. 23:1201.2; McKenzie v. City of Bossier City, 585 So.2d 1229 (La.App. 2d Cir.1991). Of course, such a matter essentially presents a question of fact, and the trial court’s determination will not be disturbed absent manifest error. McKenzie, supra.
After making payment' in accordance with the initial judgment, appellees refused to reimburse Lynn for any medical expenses subsequently incurred. In defense of that nonpayment, two justifications are advanced: the insurer possessed no medical reports showing the current treatment to be related to the work injury; and, Lynn did not obtain prior authorization pursuant to LSA-R.S. 23:1142.
Regarding the first of these contentions, our previous appellate opinion provided Berg and Travelers with clear directives regarding the compensability of treatment for various injuries suffered by plaintiff. Nevertheless, without making any investigation whatsoever, appellees denied the current claims. In addition to requesting no further information, the insurance representative only quickly reviewed the appellate decision in concluding that none of the submitted expenses related to the 1981 accident. He instead chose to rely upon an absence of data, while never communicating with Lynn or any of the health care providers. Before denying benefits, an insurer or employer must make a reasonable effort to ascertain an employee’s exact medical and physical condition. Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990). Thus, we find appellees’ indifference to be manifestly arbitrary and capricious.
IsTravelers and Berg also contend that, in denying Lynn’s claims, they relied upon LSA-R.S. 23:1142, which requires an employee to obtain authorization before seeking treatment from a health care provider. Although deeming the statute inapplicable,[1] the trial court found that appel-lees had relied upon this provision in good faith. We fully concur that an employer or insurer should not be penalized for taking close factual or legal questions to court for resolution. Lindon v. Terminix Services, Inc., 617 So.2d 1251 (La.App. 3d Cir.1993), writ denied, 624 So.2d 1226 (La.1993). Here, however, the record substantially undermines appellees’ asserted reliance on LSA-R.S. 23:1142. Despite the claims representative’s insistence that he denied payment because Lynn had not obtained the requisite authorization, Travelers made no effort to inform plaintiff of the reason underlying its refusal. A single letter so apprising Lynn, which would have thus afforded him an opportunity to correct the deficiency as to subsequent treatments, would have more consistently demonstrated a reliance upon LSA- *144 R.S. 23:1142. Put another way, the insurer’s continued silence discredits its contention in this regard.
Nor are we presently convinced, as appellees urge, that Lynn’s incurrence of substantial medical expenses constitutes a vendetta against the insurer. In support of that contention, they rely upon the deposition testimony of Dr. Joe Hayes, a psychiatrist. He observed that, by “re-victimizing” himself, plaintiff may have unconsciously allowed his condition to worsen in order to force Travelers to pay. Still, Dr. Hayes did not provide this explanation until after the trial and, even then, did so pursuant to plaintiffs request.[2] Thus, Travelers could not possibly have relied upon this statement in previously denying the claims in question.
Accordingly, we amend the trial court’s denial of attorney’s fees. Evaluating the submitted affidavit of time, expenses and the record of the first case in this matter, we conclude that $8,000.00 constitutes a reasonable award in that regard.
CONCLUSION
leFor these reasons, we affirm the trial court’s denial of the claims for prosthodon-tics. Conversely, the judgment is amended to grant the sum of $3567.04 in statutory penalties and $8,000.00 in attorney’s fees.
AMENDED AND AFFIRMED AS AMENDED.
HIGHTOWER, J., dissents and assigns written reasons.

. The employer and insurer do not challenge this ruling on appeal.

. The trial court held the record open to allow plaintiff to depose this physician after the trial.