658 So.2d 1249 (1995)
Artis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1965.
District Court of Appeal of Florida, Fourth District.
August 23, 1995.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Defendant objects to his sentence on account of improper entries on his guidelines scoresheet. Under the heading of "PRIOR RECORD" on the scoresheet, there is an entry for misdemeanors described as "various", *1250 followed by the number "20", for each of which two-tenths of a point were assessed. The entry resulted in 4 points being added to his total. Defense counsel objected to the assessment of the 4 additional points, saying that some of the misdemeanors were for offenses such as contempt of court, no valid drivers license, and no valid motor vehicle tag. This statement is supported by the record. The court overruled the objection, finding the scoresheet proper. We disagree.
We have previously emphasized the necessity for a properly prepared guidelines scoresheet. See Erickson v. State, 565 So.2d 328 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (Fla. 1991); and Dawson v. State, 532 So.2d 89 (Fla. 4th DCA 1988). As defendant contended to the trial court and repeats now on appeal, the kind of entry used here to lump several separate convictions together effectively deprives him of the ability to challenge the accuracy of the calculations. Without the specificity we find lacking, we are unable to discern which entries in his criminal history may be scored. See Fla. R.Crim.P. 3.702(d)(8)(E).
This scoresheet is not saved merely because the presentence investigation report details the misdemeanor convictions. It is the scoresheet that controls the guidelines calculations, and not the report.
REVERSED AND REMANDED FOR RESENTENCING.
GUNTHER, C.J., and POLEN, J., concur.