JiDECUIR, Judge.
This is an appeal from a judgment of the Office of Workers’ Compensation denying temporary total disability benefits to claimant, Franeine Marks. We affirm.
FACTS
In October 1991, Marks quit her job at Pride Aviation, Inc. because she was pregnant. Marks injured her back in an automobile accident in January, 1993. In March 1993, Marks was excused from jury duty due to continuing back pain. In September 1993, she returned to work for Pride Aviation. On October 15,1993, Marks slipped and fell onto her buttocks when she became tangled in a high pressure line she was using to clean an airplane. As she tried to stand, she fell to her knees. Marks reported her accident to her superiors and on October 18, 1993, she was examined by Dr. J.L. Comeaux who told her that she could return to work as there was nothing wrong with her. On December 29, 1993, she was examined by Dr. G.D. Sagrera. On January 15, 1994, Marks conceived her fourth child. In Dr. Sagrera’s January 1994 report there is no indication of disability. He notes that she complained Uof pain despite a normal physical examination and he offered no explanation for her complaints. Dr. J.E. Cobb examined Marks on April 27, 1994, and on June 27, 1994. Dr. Cobb noted that Marks was pregnant and opined that she was disabled despite negative objective test results and an inability to perform further diagnostic tests due to her pregnancy.
Dr. D.A. Bernard examined Marks on August 17, 1994, and noted that there was no disability. On October 15,1994, Marks delivered her child. On October 15, 1994, Dr. Cobb opined that the injury was disc related. On November 14, 1994, an MRI was performed and interpreted as normal. On November 23, 1994, Dr. Cobb confirmed that the MRI was negative. Dr. Bernard suggested that Marks return to work on November 28, 1994. On March 21, 1995, Dr. J.R. Lafleur performed an Independent Medical Examination at the request of the Office of Workers’ Compensation. Dr. Lafleur was of the opinion that Marks had reached maximum medical improvement. After trial, the hearing officer found that Marks was not entitled to temporary total disability benefits or penalties and attorneys fees. Marks appeals both findings.
DISCUSSION
By her first assignment, Marks contends that the hearing officer erred in failing to award temporary total disability benefits for her accident and accompanying pain. We disagree.
In order to recover, claimants in workers’ compensation cases must prove 1) an accident; 2) a disability, and 3) a causal connection between the accident and the disability. Cormier v. Aetna Insurance Company, 368 So.2d 461 (La.App. 3 Cir.), writ denied, 371 So.2d 620 (La.1979). Clear and convincing evidence is required to prove temporary total disability. La.R.S. 23:1221(1).
^Marks’ primary contention is that the hearing officer failed to give proper weight to the evidence of Dr. Cobb, claimant’s treating physician. This argument fails *378 to allow for the fact that the hearing officer appointed Dr. Lafleur as an expert for the court. As a disinterested party, a court appointed expert’s conclusions should be entirely objective and, therefore, are entitled to significant weight. Gers v. National Tea Co., 94-1163 (La.App. 3 Cir. 5/31/95); 656 So.2d 777.
Claimant argues that Dr. Lafleur’s report failed to follow proper guidelines and failed to address the specific questions directed by the court. This argument might carry weight if the so called “numbers game” referred to by claimant did not play out so much in favor of the defendants. A resounding chorus of physicians found that Marks was not disabled, while Dr. Cobb stood alone as the tinkling bell opining disability. Despite the games and musical onslaught, claimant might have prevailed had the hearing officer found her testimony credible. The hearing officer was skeptical of Marks’ claim that she was unable to even do household chores due to her disability and pain and yet felt no adverse affect due to her pregnancy. We cannot say that the hearing officer’s skepticism was unfounded, nor can we say that his ruling on disability is manifestly erroneous. It is well settled that a court of appeal may not set aside the trial court’s findings of fact unless clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). Accordingly, this assignment of error lacks merit.
The disposition of claimant’s first assignment makes the discussion of penalties and attorney’s fees unnecessary.
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. All costs of this appeal are assessed against claimant, Francine Marks.
AFFIRMED.