PER CURIAM.
Following her plea of guilty and adjudication of grand theft, appellant was sentenced to seventeen months imprisonment and ordered to pay $37,379 in restitution to McCro-ry’s Corporation. She appeals the order of restitution which we affirm but remand for clarification.
The written order did not spell out the method of payment but the trial court’s comments at the restitution hearing evidenced that it intended to follow section 775.089(3)(b)2, Florida Statutes (1995), by requiring that the restitution amount be paid within five years after appellant’s prison term and/or setting a monthly installment schedule of $622 per month, without concluding that appellant would have the ability to pay such amounts at that future time. When read in context of the entire statute, particularly subsection (6)(b) which was amended in 1995, subsection (3) clearly appears to contemplate that the trial court setting the restitution amount should set a schedule or payment date, unless it desires that the restitution award be made immediately. However, subsection (6)(b) clearly contemplates that it is the trial court enforcing the restitution order that will determine, at the time of enforcement, the defendant’s present and future ability to pay the restitution award. As the trial court here recognized, this makes intuitive sense because the court now imposing the restitution award does not have the ability to determine what type of job and living expenses appellant will obtain and incur upon the end of her prison term.
Although the trial court correctly applied the restitution statute, with its 1995 amendment, we must remand for clarification of the restitution order to reflect the trial court’s remarks regarding when restitution is to be made and the schedule of monthly installment payments to be made. At the time that the restitution order is sought to be enforced, appellant may then argue her present or future inability to pay.
GLICKSTEIN, STONE and STEVENSON, JJ., concur.