HARRIS, Judge.
John Cobb was convicted of delivery of cocaine and possession of cocaine. He appeals his sentence, contending that the court erred in scoring certain of his prior convictions. Although Cobb either could not remember, or denied, certain convictions, we find that the certified records submitted to the court justified its finding that the contested convictions were established.
Cobb also urges that the court erred in sentencing him based on a scoresheet that included twelve unspecified misdemeanors within a single category under prior record on the scoresheet. He admits that the individual misdemeanors were discussed in his presentence investigation report but contends that it is the scoresheet, not the PSI, that is the proper basis for sentencing. He cites Williams v. State, 658 So.2d 1249, 1250 (Fla. 4th DCA 1995), for the proposition that:
As defendant contended to the trial court and repeats now on appeal, the kind of entry used here to lump several separate convictions together effectively deprives him of the ability to challenge the accuracy of the calculations. Without the specificity we find lacking, we are unable to discern which entries in his criminal history may be scored. See Fla. R.Crim. P. 3.702(d)(8)(E).
This scoresheet is not saved merely because the presentence investigation report details the misdemeanor convictions. It is the scoresheet that controls the guidelines calculations, and not the report.
First, Cobb did not raise this objection below and the issue is therefore waived. Terry v. State, 668 So.2d 954 (Fla.1996). Further, the record reflects that Cobb had no difficulty challenging the accuracy of the calculations and, because the presentence investigation report is in the record, we have no difficulty in determining which of his misdemeanors were scored. There were twelve misdemeanors detailed in the PSI and all were scored. Finally, even if multiple scoring under a single category is error, we find it to be harmless error in this case.
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.