700 So.2d 409 (1997)
Joshua Lee DOWDY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-576.
District Court of Appeal of Florida, Fifth District.
September 19, 1997.
Rehearing Denied October 24, 1997.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for appellee.
HARRIS, Judge.
Joshua Lee Dowdy was convicted of dealing in stolen property. He appeals claiming that restitution was inappropriate and that it was improper for the trial court, instead of individually listing each of his prior convictions on his scoresheet, to incorporate by attachment the list contained in his PSI. We affirm.
Dowdy first contends that since it was not proved that he committed the burglary in which the items he pawned were stolen, the victim's damages were not "caused" by him. We find, however, that Dowdy's receiving the stolen property and pawning it, is sufficiently "related" to the victim's loss to justify restitution. See section 775.089(1)(a)2, Florida Statutes. He also contends that the trial court erred in continuing the restitution hearing to permit the victim to obtain a receipt from the pawn shop in order to establish his damages. We find no abuse of discretion in the trial court's action.
We will set out Dowdy's entire argument in his brief on his second contention:
It is impermissible, as the trial court recognized, to attach a PSI to the scoresheet as a substitute for listing the individual prior convictions in the "Prior Record" portion of the scoresheet. Williams v. State, 658 So.2d 1249 (Fla. 4th DCA 1995). Despite recognition of Williams as controlling authority, the trial court attached the PSI to the scoresheet, and did not individually list the defendant's prior misdemeanor convictions. The effect of this error is to elevate the PSI to undisputed evidence of the defendant's prior convictions, which the PSI was never intended to be. Williams supra.

Thus, it is apparent that Dowdy does not contend that the scoring of his record was in *410 error. Indeed, the transcript shows that every objection made by Dowdy to the scoresheet was sustained and that he agreed with the final score. It is also obvious that Dowdy, neither in his brief nor at his sentencing, objected to the attachment of a portion of the PSI because of its confidential nature. Although the PSI is "confidential," we disagree with the dissent that the public record disclosures contained in the PSI are confidential. Keep in mind, the contents of the PSI are openly discussed at the public sentencing in the presence of the public and a court reporter.
The majority judges herein are well aware of the pressures on the sentencing judge. Case loads require that a large number of sentences be set in a block. Further, because of the nature of the animal, the scoresheet remains fluid up to the moment of sentencing. It is apparent in this record, for instance, that the judge was making changes to the scoresheet up until the actual sentencing. The judge's response to the contention that Williamsrequires that he list individually each misdemeanor on the scoresheet is, under the circumstances, most reasonable. He stated:
THE COURT: Okay. Well, what I'll do on that, in that casethat case makes absolutely no sense. I know I'm required to follow this appellate decision. And I'll follow it in this sense: I'll instruct the Clerk to make a Xerox copy of the defendant's record, and we'll staple it to the scoresheet. And I'll circleI'll have the Clerk circle all the misdemeanors, all nine of them. So that any person with any intelligence at all can add those circles up and see what that says. But I'm not going to sit here and list them all, because that's ridiculous. We have guideline scoresheets and everything else.
And as you know, that, in and of itself, if you have to spell out each and every misdemeanor here when you've got the full list right in front of us. We're all looking at it. If that's reversible error. then so be it.
In Williams, the court was concerned with a listing of "various" under the heading of Prior Record on the scoresheet. But in Williams, the defendant contested the scoring of these misdemeanors. The court did require a "properly prepared guideline scoresheet" but it was because: "[w]ithout the specificity we find lacking, we are unable to discern which entries in this criminal history may be scored." In our case, there is no contention that any offense was scored that should not have been. The Williamscourt chose not to search the PSI for this information because: "[i]t is the scoresheet that controls the guidelines calculations, and not the [PSI]."
In Cobb v. State, 691 So.2d 574 (Fla. 5th DCA 1997), we disagreed with Williams and held that multiple scoring under a single category would be, at most, harmless error so long as the required information was in the record.
Now we hold that it was not error to incorporate by attachment the defendant's record (which was taken from the public records) contained in the PSI. Even a complaint, which often must be pled with specificity, may incorporate matters by reference or by attachment. We see no reason why a scoresheet, often prepared on the spot and under severe time restraints, cannot incorporate information contained in the public records even if taken from a PSI.
The matter relating to the confidentiality of the PSI was not objected to below, was not raised on appeal, was not briefed by the parties and is not before us for review. We acknowledge that the dissent has made a valid point that certain portions of the PSI should not be so attached. We would suggest that trial courts that decide to attach the criminal record from the PSI to the scoresheet make sure that all other information is removed from the attachment.
AFFIRMED.
ANTOON, J., concurs and concurs specially with opinion.
GRIFFIN, C.J., concurs in part and dissents in part with opinion.
ANTOON, Judge, concurring and concurring specially.
I write only to emphasize that, ironically, this issue arose due to the thoroughness of *411 the sentencing court. On the authority of Williams v. State, 658 So.2d 1249 (Fla. 4th DCA 1995), the defendant requested that the misdemeanors used to calculate the total misdemeanor points be specifically identified. He made this request without challenging the correctness of the scoresheet calculation. Although not required to do so for the reasons given in majority opinion, the trial court complied with the defendant's request by circling the misdemeanors on the presentence investigation report. The defendant raised no objection to this procedure and did not ask the trial court to redact any portion of the attachment. Accordingly, the defendant should not now be heard to complain.
The criminal record compiled as a part of the presentence investigation report is often used to correct errors in sentencing guidelines scoresheets. A reversal of the instant sentence imposed by the conscientious sentencing court, which attached the defendant's criminal record to the scoresheet to explain its arithmetical calculations, would confirm the complaints of critics who say that appellate courts too often place form over substance. This is especially so since the defendant does not challenge the correctness of the calculations, and the sentence imposed after remand would undoubtedly be the same.
GRIFFIN, Chief Judge, concurring in part and dissenting in part.
The point on which I disagree with the majority opinion concerns the majority's approval of the lower court's decision to attach a copy of the relevant pages of the presentence investigation report (PSI) showing the defendant's prior arrest and/or conviction record in lieu of listing the defendant's prior misdemeanors on the sentencing guidelines scoresheet. The trial court expressed that it was "ridiculous" to have to list all the prior offenses. Instead, he suggested that the clerk should simply circle the relevant convictions that appear on the pages on the PSI that record the defendant's entire juvenile and adult arrest and/or conviction record. While I express no opinion on what aspects of the sentencing guidelines procedures may, or may not, be "ridiculous," I am convinced that it is error to attach several pages of the PSI to a sentencing guidelines scoresheet for any reason, certainly to substitute for listing misdemeanor convictions.
Florida Rule of Criminal Procedure 3.712 provides that the PSI is not a public record and is available only to certain persons under certain circumstances, none of which includes attaching pages of the PSI to a sentencing guidelines scoresheet, which is a public record. It would be absurd to interpret the rule to mean that the intact PSI is not public record, but each of its individual pages is public record. Furthermore, the part of the PSI at issue, entitled "Prior Record (Juvenile/Adult History)" includes not only a record of all arrests, even if no conviction resulted, but the entire juvenile record as well. Worse still, all of the substance of the defendant's PSI in this case ended up being contained in the attachments because of the way the pagination falls. This includes the defendant's statement about the circumstances of the offense, his health history and education and various other personal matters, including his girlfriend's pregnancy. The majority's approval of this procedure is particularly surprising given that, because of the confidential nature of PSIs, the clerk of court below does not even include the PSI in the record on appeal. Thus, the only reason the PSI can be found in this appellate record is because it was attached to the scoresheet.
While I do not believe the improper attachment of the PSI to the scoresheet is a basis to vacate this defendant's otherwise proper sentence, it is my view that we should remand this matter back to the lower court with instructions that the guidelines scoresheet be completed correctly and that pages two through five of the PSI currently attached to the scoresheet be removed.
I do not know whether this practice is becoming prevalent in the circuit courts, but this is the second time I have seen it. Unfortunately, in light of the majority opinion, it will no doubt become standard practice in some courtrooms in this district.