746 So.2d 553 (1999)
STATE of Florida, Appellant,
v.
Samuel Jay BLECKINGER, Eric Omega Chappell, Richard Michael Niemiec, and Tony Anderson, Appellees.
Nos. 99-246, 99-247, 99-274 and 99-404.
District Court of Appeal of Florida, Fifth District.
December 13, 1999.
*554 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellees Bleckinger, Chappell, and Niemiec.
Drew A. Cooper, Ocala, for Appellee Anderson.
W. SHARP, J.
The state appeals from downward departure sentences in four cases in which Judge Swigert was the sentencing judge On appeal, the cases were consolidated because in all four, no written reasons were given for the departures, although oral reasons were stated at the hearings.[1] The reasons given for the departure sentences in these cases are the same; remorse, cooperation with the prosecution, and the need for restitution in lieu of imprisonment. However, each case turns on its own unique facts. A trial court's decision in this regard is a mixed question of law and fact, and will be sustained if the court applied the right rule of law and there is competent substantial evidence to support it. Banks v. State, 732 So.2d 1065 (Fla.1999). The court must weigh the totality of the circumstances, including aggravating and mitigating factors. Banks.

Bleckinger, Case No. 99-246.
Bleckinger was arrested on June 23, 1998, for numerous crimes growing out of his adding unauthorized charges to customers' credit cards when they purchased products he sold them as a clerk in a Kwick King store, and using the cash withdrawn to pay for groceries and supplies he took from the store. The dollar amount totaled approximately $200. He pled not guilty on July 14, 1998, and demanded a jury trial. Later he elected to plead not guilty to one count of organized fraud and the state nolle prossed nine other counts of petit theft.
At the hearing, a scoresheet was prepared which showed that because of Bleckinger's extensive prior criminal record his total score was 213.8 points. This resulted in a guidelines sentence of 185.5 months in prison and a permissible sentencing range of 139.35 months (11 years) to 232.25 months (19 years). Defense counsel argued that Bleckinger should be given a downward departure sentence because he cooperated with law enforcement in resolving the case, he showed remorse, and there was a need for restitution. These were also the reasons the trial judge gave when he sentenced Bleckinger to a seven year prison term, followed by three years on probation.
The state attorney objected on the grounds that insufficient evidence and testimony had been offered to substantiate the reasons for departure. We agree.
1. Remorse. Bleckinger was placed under oath and he explained he had committed the crimes because he needed the money to feed his family. The PSI in the record, which was referenced by defense counsel, contains a statement that he was remorseful. He did confess to the crimes after he was arrested.
The statutory mitigating factor which includes remorse also includes two other componentsthat the crime was committed in an unsophisticated manner, and that the offense was an isolated incident.[2]State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998). Those elements were not present in this case. Further, the existence of remorse itself was established in a most cursory way, if at all, by Bleckinger's testimony in court, and the written statement *555 made by a state employee who prepared the PSI, but who did not appear to testify.
2. Cooperation With the State. The statutory mitigating factor of cooperation[3] requires more than a confession to the authorities after arrest and pleading guilty. § 921.0026(2)(i), Fla. Stat.; State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985); Merritt. In this case, there was little else. There is a statement in the PSI that Bleckinger had been cooperative throughout the interview process. But as pointed out above, the statement was not placed in evidence nor was the writer of the statement brought to the hearing to testify. Further, cooperation with the state on a PSI is not what was contemplated by the statute. § 921.0016(4)(i). It requires the defendant to cooperate with the state to resolve the current offense or any other offense.
3. Need for Restitution. Section 921.0016(4)(e) provides that a mitigating factor may be a situation where the need for restitution outweighs the need for punishment or imprisonment. In this case, there was no evidence or testimony that the victim of the crimethe storehad a need for restitution of the $200 as a result of its loss related to the crimes. See State v. O'Dorle, 738 So.2d 987 (Fla. 2d DCA 1999). The manager of the store did testify she thought Bleckinger was a good employee. She stated she knew he was having an economically difficult time supporting his family, and meeting the requirements of restitution orders issued in other cases. She asked the court to have mercy on him because she thought he had stolen for the sake of his children. Further, since Bleckinger is being sent to prison for five years under the departure sentence, it does not logically follow that his ability to make restitution in the nearterm future will be possible. Compare State v. Baker, 713 So.2d 1027 (Fla. 2nd DCA 1998) (trial court made no finding of defendant's ability to make restitution); Ibrahim v. State, 687 So.2d 914 (Fla. 4th DCA 1997) (ability to pay restitution cannot be made until time of enforcement, after serving sentence of imprisonment).

Chappell; No. 99-247.
Chappell was arrested on November 12, 1998 for burglary of a dwelling and grand theft. He was seen and identified by a neighbor as the person who kicked open the door of the victim's apartment and carried off a stereo, speakers, compact discs, a cell phone, watches, and a microwave oven. When he was arrested, he confessed to the crimes. He blamed it on his drug problem. A restitution order of $1,071 was entered on January 12, 1999.
At the hearing held before Judge Swigert on January 14, Chappell entered a guilty plea. His sentencing scoresheet totaled 69.2 points. This placed him in a permissible sentencing range of 30.9 months to 20 years. He received a downward departure sentence of 30 months. As the court pointed out, it was a .9 month departure sentence.[4]
The oral reasons given by the trial judge were that there was a need for restitution, cooperation, and need for specialized treatment. The court frankly admitted it wanted to depart from the guidelines so that Chappell could obtain drug rehabilitation treatment, but both attorneys advised him that was not possible, due to legislative changes to the guidelines.[5]
The state attorney objected throughout the hearing on the ground that no evidence or testimony was presented to the court to support a departure sentence, for any reason. The only persons "testifying" *556 at the hearing as to the reasons for departure were the attorneys: both the defense and the state. Neither were under oath. Even if the reasons given by the judge in this case were valid, the complete absence of any competent evidence to support the ruling is fatal in this case. Banks; State v. Silver, 723 So.2d 381 (Fla. 4th DCA 1998).
Defense counsel urged that remorse was established by the fact that when Chappell was arrested he admitted his crimes and expressed remorse. As noted above, that is not a legally sufficient basis for a downward departure, even if it had been established by competent evidence. No effort was made to show this was an isolated incident. Chappell has an extensive criminal record, and defense counsel admitted these crimes were not isolated, nor were they "unsophisticated."
Nor was there any effort to show that the victim's need for restitution outweighed the need to imprison the offender, Chappell. See Banks; Silver. Apparently the victim of the crimes requested restitution, but he did not appear at the hearing to establish a greater degree of need than in other cases. Nor was there any showing that Chappell could make restitution if he were spared imprisonment, for .9 of a month.
Similarly, defense counsel offered no evidence to show that Chappell cooperated with the authorities to solve these or any other crimes. He confessed after he was arrested and entered a guilty plea, but that is not sufficient to constitute cooperation as a mitigating factor as explained above.

Niemiec; Case No. 99-274.
Niemiec was arrested on May 8, 1998, for purchasing cocaine, possession of cocaine and tampering with the evidence. He bought the cocaine from an undercover agent in Ocala. He entered a guilty plea at a hearing before Judge Swigert on January 14, 1998. Niemiec's sentencing scoresheet showed 60.8 total points, which translates to a permissible sentencing range of 24.7 months to 41 months in state prison. The judge sentenced him to 8 months with credit of 8 months for time served, followed by two years on community control, and gave as reasons for a downward departure sentence that Niemiec had shown remorse, the purchase was unsophisticated, and that Niemiec cooperated with the state in resolving this case.
The state attorney objected at the hearing on the ground that defense had presented no evidence to support the trial judge's reasons for departing downward. We agree. As in the Chappell case, the only parties "testifying" to the grounds for departure were the attorneys. The defense counsel said the purchase of cocaine had been conducted by Niemiec in an unsophisticated way, it was isolated, and Niemiec had expressed remorse. The state attorney disputed this, and pointed out to the trial judge that Niemiec had a violent criminal record. Similarly, the defense failed to present any evidence that Niemiec had cooperated with the authorities in solving this case or any other case. In fact, the state attorney denied Niemiec had cooperated in any way. Due to the complete failure of the defense to offer any evidence as to the stated mitigating factors, it was error for the court to enter a departure sentence based on them.[6]

Anderson; Case No. 99-404.
Anderson was charged with fleeing a law enforcement officer in a vehicle, reckless driving, exposing a child to danger and driving without a license[7] on May 13, 1998. He pled guilty to the charges at a hearing *557 before Judge Swigert on February 10, 1999. His sentencing scoresheet totaled 50.8 points, which translated to a permissible sentencing range of 17.1 months to 28.5 months in prison. The judge sentenced him to 6 months in prison followed by 2 years on probation. The court explained its departure sentence as being based on cooperation and remorse. The judge also said Anderson would better serve society by helping the child victim, and he did not see any valid public purpose to sending Anderson back to prison.
The state attorney objected on the ground that the record established at the hearing did not support a valid basis to depart downwards. Pursuant to the arrest report, Anderson made one bad judgment after another, when a police officer driving a police car, attempted to stop him because he failed to have his headlights turned on. Anderson was driving without a license, was on probation, and feared being sent back to prison. Thus he attempted to flee the police officer, drove through a busy intersection, almost caused collisions with other motorists, and drove so fast he almost lost control of his vehicle. He stopped the car and escaped on foot.
The police officer investigated the abandoned car and discovered a sleeping five year old child in the back seat. He also found a picture of the driver, Anderson, and was able to identify him as the husband of the car's owner. Mrs. Anderson responded to his call and took the car home after identifying the driver as her husband. The following day deputies went to the Andersons' residence and Anderson was cooperative. He said he had contacted his probation officer and turned himself in. He also expressed remorse for having placed the child in danger.
Anderson testified at the hearing. He explained that since being released from prison, he had married, and gone straight. He held two jobs, and was supporting his child as well as his wife's children. Mrs. Anderson testified that she did not want him to go back to prison and that he had done well since being released. Anderson's mother and sister also testified that Anderson had become a good family man and that he was remorseful for what he did.
With regard to proving the mitigating factor of cooperation, this case comes closer than the others. Anderson apparently turned himself in, made a complete confession and pled guilty. Although one of these factors is not enough, the combination may be. State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985); Merritt.
There is also evidence in this record that Anderson expressed remorse, that the incident which led to the offenses grew out of a simple traffic offense, and was in contrast to his prior good conduct after his release from prison. This supports the downward departure sentence on that ground. Merritt.
Accordingly, we affirm the departure sentence in Anderson's case, and reverse the departure sentences imposed on Bleckinger, Chappell and Niemiec, and remand these three cases to the trial court for the imposition of a guidelines sentence.
AFFIRMED in part; REVERSED in part and REMANDED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Failure to file written reasons in downward departure cases is not reversible error, where oral reasons are encapsulated in the sentencing transcript. Pease v. State, 712 So.2d 374 (Fla.1997).
[2] §§ 921.0016(4)(j), and 921.0026(2)(j), Fla. Stat.
[3] § 921.0026(2)(i), Fla. Stat.
[4] We are tempted to refuse to consider this appeal because .9 months is di minimis, although it is a technical departure. However, since it was consolidated with the other cases, we will address the merits.
[5] §§ 921.0016(5); 921.0026(3), Fla. Stat.
[6] State v. Skidmore, 24 Fla. L. Weekly D1826, ___ So.2d ___, 1999 WL 565832 (Fla. 4th DCA Aug 4, 1999); State v. Gosier, 737 So.2d 1121 (Fla. 4th DCA 1999); State v. Silver, 723 So.2d 381 (Fla. 4th DCA 1998).
[7] §§ 316.1935(2), 316.192, 322.03, and 784.05(1), Fla. Stat.