PER CURIAM.
Defendant, Steve Austin, Jr., appeals the summary denial of his Rule 3.800(a) motion. In his motion, defendant alleges that he was only credited with 372 days county jail time when the court records prove he was entitled to 373 days. Defendant states that he was incarcerated from September 19,1992 through September 22, 1992, and November 7, 1998 through November 10, 1999, the date he was sentenced. The trial judge denied the motion without explanation or attachments.
The state, in its response, acknowledges that claims for presentence jail credit can be brought by Rule 3.800(a) under State v. Mancino, 714 So.2d 429 (Fla.1998), and that a defendant is not required to attach portions of the record to his or her motion to establish entitlement to relief. Nonetheless, the state contends that defendant’s motion is facially insufficient, because based on the dates alleged in the motion, defendant was awarded the correct number of days, since November 7, 1998 to November 10, 1999 is 369 days and from September 19 to September 22 is 3 days, for a total of 372. In addition, the state suggests that this court should decline to consider this case because the claim is de minimis and no further judicial effort should be expended. See State v. Bleck-inger, 746 So.2d 553, 555 n. 4 (Fla. 5th DCA 1999)(court indicated it was tempted to refuse to consider state’s challenge to downward departure of just .9 months as de minimis, but addressed the merits because the case had been consolidated with other cases raising meritorious claims).
We find that defendant is entitled to an additional day of credit. Contrary to the state’s calculations, defendant is entitled to 4 days credit for the time he served from September 19th through September 22nd. We reverse and remand for recalculation of the credits.
REVERSED.
THOMPSON, C.J., COBB and SAWAYA, JJ., concur.