COPE, J.
Joseph Jackson Smith appeals an order denying his motion to correct an incorrect calculation in a sentencing guidelines scoresheet, pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Smith was convicted of armed robbery and burglary committed in 1992. His. recommended sentence on a category three scoresheet, see Fla. R.Crim. P. 3.988(c), was life imprisonment, which is the sentence the trial court imposed.
Defendant contends that his category three scoresheet is incomplete because it does not contain a list of the specific offenses making up his prior' record. He argues that for the prior record portion of the scoresheet, there must be a listing of the name, and statute number, of each offense which is being scored. For this proposition, defendant relies on Williams v. State, 658 So.2d 1249 (Fla. 4th DCA 1995). See also Maycene v. State, 723 So.2d 394 (Fla. 3d DCA 1999). He contends that he is entitled to a recalculation of his scoresheet and a resentencing.
We find no deficiency in the scoresheet and affirm the denial of relief. The category three scoresheet contains spaces for the entry of numerical scores, but does not contain any blanks for the listing of offense descriptions or statute numbers. See Fla. R.Crim. P. 3.988(c). Such a listing is required where the court uses the generic scoresheet set forth in Rule 3.988© or Rule 3.990, but those scoresheets were not *1002 used for the defendant’s sentencing in this case.
In Williams, it is clear that the case involved the 1994 guidelines.[1] The score-sheet under discussion necessarily would have been the one found in Florida Rule of Criminal Procedure 3.990. That form contains blanks for the listing of prior offenses by statute number and offense description. The Williams decision is thus discussing a different type of scoresheet, not the category three scoresheet at issue in the present case.[2]
In Maycene v. State, 723 So.2d 394 (Fla. 3d DCA 1999), this court granted a Rule 3.800(a) motion and remanded for “recalculation of his sentencing guidelines score-sheet because the scoresheet does not reflect any supporting calculations for the scored prior-offenses points, ... and there is no documentation attached to the score-sheet supporting the assessed points.” Id. (citations omitted). We have taken judicial notice of our file in that case. Maycene involved a 1989 sentencing using a category five scoresheet. See Fla. R.Crim. P. 3.988(e). The category five scoresheet contains space for the calculation of prior convictions in excess of four. The defendant had been assessed 147 points for such convictions, but the supporting calculations had been left blank.[3] Thus, there was no way to know, from examination of the scoresheet, how the 147 point score had been derived. In those circumstances, this i court remanded for proper completion of this area of the scoresheet.
The situation existing in Maycene does not exist in the present case. Here, there is a mathematical entry on each line of the scoresheet where points were assessed.
Thus, in Williams and Maycene, the court granted relief because in each case the trial court had failed to fill in the blanks on the scoresheet in accordance with the instructions. In the present case, by contrast, there has been no omission of information required by the scoresheet form. The order denying Rule 3.800(a) relief is affirmed.

. We know that because the opinion refers to scores of two-tenths of a point. 658 So.2d at 1250. That scoring system became effective for offenses committed on or after January 1, 1994. See § 921.0014, Fla. Stat. (1993) & n. 1; ch. 93-406, § 12, Laws of Fla.

. The Fifth District has disagreed in part with Williams, see Dowdy v. State, 700 So.2d 409 (Fla. 5th DCA 1997), but the disagreement is immaterial here. In a case evidently involving the Rule 3.990 scoresheet, the Fifth District held that instead of itemizing the prior record on the scoresheet, it would be permissible to attach a separate document listing the defendant's prior record. Dowdy 700 So.2d at 410.

.For convictions in excess of 4, there are blanks to itemize points for each additional life felony, first degree felony punishable by life, first degree felony, and so on. See Fla. R.Crim. P. 3.988(e). These lines were left blank, except for the total, which was 147.