THOMPSON, C.J.
Brian Bogert appeals portions of a restitution order imposed by the trial court after he entered pleas of guilty as charged to dealing in stolen property[1] and grand theft[2] pursuant to a plea agreement. He contends on appeal that the restitution order was erroneous because there is no nexus between the amount of restitution ordered and his criminal activity. Bogert also contends that the trial court did not establish that he had the ability to pay $100 per month restitution. We affirm.
Bogert confessed to receiving and pawning stolen property. He admitted buying electronic equipment and personal property stolen from two separate victims’ cars. The stolen equipment and personal items included CD players, radios, CDs, woofers, speakers, personal grooming articles, and gym clothes. In his confession, Bogert stated he presented as his own some of the stolen items to pawn shops. At each pawn shop, he was fingerprinted and presented his identification before he received money for the pawned equipment. He also stated in his confession that he purchased the equipment from the thief knowing that it had been stolen. Further, at the time of his arrest, additional items stolen from the same victims were found in his home. The victims of the crimes identified their property and stated they had repurchased some of it from the pawn shops to which Bogert had taken it. Bogert signed a plea agreement admitting his guilt and- agreeing to pay restitution to the two victims. The trial court accepted his pleas, withheld adjudication, and placed him on probation for five years. A hearing was scheduled to establish the amount of restitution.
At the hearing, the victims testified about the theft of their property, and the purchase price of the equipment and personal articles in the cars. Each testified how they redeemed some of the stolen property from pawn shops where Bogert had presented the property as his own. The trial court determined the reasonable value of the stolen property, deducted the value of the property returned to the victims, and imposed restitution of $764.66 for the benefit of one victim and $390 for the benefit of the other. Before imposing the restitution amount, the trial court heard testimony that Bogert was employed at a body shop. Restitution was set at the rate of $50 per month per victim. Bogert objected stating he had a minor child he was obligated to support and that $100 a month was excessive.
On appeal, Bogert contends that there was no nexus between the restitution and *394 the crimes he committed. He argues that specific items were alleged in the information and he was being required to make restitution for items he had not received from the actual thief and which had not been alleged in the information. He argues that Florida case law only allows the trial court to set restitution for items actually stolen or mentioned in the information and cites Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991), and Hamm v. State, 403 So.2d 1155, 1156 (Fla. 1st DCA 1981) to support his argument. We disagree with this contention for several reasons.
First, Bogert admitted receiving the victims’ property knowing it was stolen. Although not the thief, he was well aware that the property had been taken during automobile burglaries. Second, some of the stolen property was recovered in his home. Finally, additional stolen property was recovered from pawn shops where Bogert was fingerprinted and had used his own identification before exchanging the property for money. The nexus between his crime and the restitution is irrefutable. The nexus having been established, the next question is whether Bogart can be required to pay restitution for articles not alleged in the information.
Section 775.089(l)(a), Florida Statutes,[3] allows the trial court to require restitution for damage or loss caused “directly or indirectly” by the defendant. Bogart was charged with dealing in stolen property and grand theft. We have previously held that a defendant receiving stolen property and pawning it is sufficiently “related” to the victim’s loss to justify restitution. See Dowdy v. State, 700 So.2d 409 (Fla. 5th DCA 1997); see also Chapman v. State, 733 So.2d 1055 (Fla. 2d DCA 1999); A.G. v. State, 718 So.2d 854 (Fla. 4th DCA 1998). Moreover, we note that Bogert signed a plea agreement stating that he would pay restitution. This agreement is binding upon Bogart and may require him to pay restitution for crimes with which he was not charged. § 775.089(l)(b)2, Fla. Stat.
Bogart next argues that the trial court did not make a determination of his ability to pay restitution. He cites State v. Bleckinger, 746 So.2d 553 (Fla. 5th DCA 1999) as the basis for argument. We do not read Bleckinger as support for this argument, and it is easily distinguishable. Bleckinger was a case in which the state appealed a downward departure sentence. One of the oral reasons given for the departure was “the need for restitution in lieu of imprisonment.” Id. at 554. This court held that there was no testimony from the victim that restitution was needed or expected. The victim testified that she believed the reason the defendant had *395 stolen from the company was his need to support his family. She did not testify that he should remain free to pay restitution Id. at 555. This court reversed the downward departure and returned the case to the trial court to impose a guideline sentence. Id. at 557. Here, the trial court found that Bogert was employed at Coastal Mitsubishi doing body work on automobiles and that $100 per month was not an onerous burden. Because a trial court is required to order restitution unless it finds clear and compelling reasons not to order such restitution, we find no abuse of discretion. § 775.089(l)(a)2, Fla. Stat.
AFFIRMED.
SHARP, W. and PLEUS, JJ„ concur.

. § 812.019(1), Fla. Stat.

. § 812.014(1), (2)(c), Fla. Stat.

. (l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and
2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition of probation in accordance with s. 948.02.
[[Image here]]
2. An order of restitution entered as part of a plea agreement is as definitive and binding as any other order of restitution, and a statement to such effect must be made part of the plea agreement. A plea agreement may contain provisions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea.
(c) The term "victim” as used in this section and in any provision of law relation to restitution means each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant's offense or criminal episode....