STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

BILLY WAYNE BROADWAY

VERSUS

SHANE MITCHELL LOGGING, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF SABINE, NO. 10-05575
JAMES L. BRADDOCK, WORKER'S COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Teresa Leyva Martin
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras St., Suite 4040
New Orleans, LA 70139
(504) 525-6802
COUNSEL FOR DEFENDANT APPELLEE:
     Shane Mitchell Logging, Inc.

**Richard Bray Williams**
**Williams Family Law Firm, L.L.C.**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Billy Wayne Broadway**

**SAUNDERS, J.**

This is a case involving a work-related accident and subsequent disability. The workers' compensation judge ruled that the Employee/Claimant failed to prove causation by a preponderance of evidence. He was not manifestly erroneous in this ruling.

**FACTS AND PROCEDURAL HISTORY:**

On June 28, 2010, Billy Wayne Broadway filed a Disputed Claim for Compensation in the Office of Workers' Compensation ("OWC") against his former employer, Shane Mitchell Logging, Inc. ("Mitchell Logging"). Broadway alleged he was injured in a work-related accident on April 1, 2009, when the skidder he was driving struck a tree stump throwing him out of the driver's seat in the enclosed cab of the skidder. Broadway further claimed his injury did not develop into a disability until January 2, 2010. Broadway alleged entitlement to wage benefits, medical benefits, penalties, attorney's fees, and interest.

Mitchell Logging and its insurance company, Redland Insurance Company,[1] filed an answer and supplemental amended answer to the disputed claim asserting Broadway's claim for benefits had prescribed and that he had not sustained a developmental injury in the course and scope of his employment or within the meaning of the statute. Mitchell Logging denied Broadway had a work accident on April 1, 2009, or at any time while working for Mitchell Logging.

On July 18, 2011, a hearing was held on Mitchell Logging's exception of prescription, and the exception was denied. A pre-trial mediation conference was held on October 24, 2011. The matter was later tried before the OWC judge on March 6, 2012.

---

[1] Mitchell Logging and Redland Insurance Company will sometimes be referred to collectively as Defendants.

The OWC judge denied Broadway's claim for workers' compensation in its entirety, finding that Broadway failed to carry his burden of proof that the incident on April 1, 2009, aggravated, accelerated, or combined with his prior low back condition to render him entitled to workers' compensation benefits. Broadway was ordered to pay costs of the proceeding.

Broadway appeals seeking workers' compensation benefits, statutory penalties, attorney's fees on back-owed benefits, and interest.

## ASSIGNMENTS OF ERROR:

On appeal, Broadway sets forth the following assignments of error:

1. The OWC judge was manifestly erroneous in not finding Broadway sustained a personal injury through a work-related accident on April 1, 2009.

2. The OWC judge was manifestly erroneous in finding Broadway did not establish by preponderance of the evidence an entitlement to the presumption of causation that his disability is the result of the April 1, 2009 work-related accident which would entitle Broadway to workers' compensation benefits.

3. The OWC judge legally erred in failing to apply the presumption of causation to Broadway's claim and legally erred in not shifting the burden of proof to the Defendants. The Defendants failed to set forth evidence to rebut the presumption thereby entitling Broadway to workers' compensation benefits.

4. The OWC judge legally erred in not awarding Broadway workers' compensation benefits, statutory penalties, attorney's fees, and legal interest.

## LAW AND ANALYSIS:

*Standard of Review*

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review." *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840, p. 7 (La. 7/1/97), 696 So.2d 551, 556, *citing Smith v. La. Dep't of Corr.*, 93-1305 (La. 2/28/94), 633 So.2d 129. The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was reasonable. *Banks*, 696 So.2d 556.

### 1. The work-related accident on April 1, 2009

An injured employee is entitled to receive benefits for an injury that arises out of and in the course and scope of his employment. La.R.S. 23:1031(A). In order to recover, the injured employee must establish, 1) a work-related accident, 2) a disability, and 3) a causal connection between the accident and the disability. *Daniel v. New Orleans Pub. Serv. Inc.*, 02-2427 (La.App. 4 Cir. 12/3/03), 861 So.2d 721, *writ denied*, 04-0422 (La. 4/2/04), 869 So. 2d 886. The employee must show by a preponderance of the evidence that the work accident caused the disability. *Hammond v. Fid. & Cas. Co. of N.Y.*, 419 So.2d 829 (La.1982).

To determine the probability that the disability was caused by a work accident, "medical testimony 'must be weighed in light of other credible evidence of a non-medical character, such as a sequence to symptoms of events.'" *Schouest v. J. Ray McDermott & Co. Inc.*, 411 So.2d 1042, 1044 (La.1982). Provided the evidence shows there is a reasonable possibility of a causal connection between the work-related accident and the disabling condition, an employee's disability may be presumed to have resulted from the employment accident if the plaintiff was in good health prior to the accident and symptoms of the disabling condition appeared and continuously manifested themselves after the accident. *Allor v. Belden Corp.*, 393 So.2d 1233 (La.1981).

3

Even if an employee sustains a work-related accident, he must also prove disability along with a causal connection between the accident and the disability in order to have a compensable claim. *Marks v. Pride Aviation, Inc.*, 95-971, (La.App. 3 Cir. 1/31/96), 670 So.2d 376. Therefore, the relevant question in the instant case is whether Broadway was disabled as a result of the alleged injury on April 1, 2009. The parties stipulated Broadway was injured on April 1, 2009, and this is not disputed. The relevant issue here is not whether the accident occurred, but whether Broadway proved a disability and a causal connection between the accident and the disability.

## 2. *Causation issue*

Broadway bears the burden of proving he was disabled as a result of the work injury on April 1, 2009. The OWC judge held Broadway failed to meet his burden. To overcome this factual holding would require a showing of manifest error.

Broadway saw his family doctor, Dr. Wendy Moses, on April 1, 2009, following his accident. His history of the injury given to Dr. Moses differs from his trial testimony and the testimony of his wife, which stated that he "jarred his back using different types of equipment." Dr. Moses did not order different medical treatment than he had already been receiving and did not restrict Broadway from continuing his employment. Broadway was treated with injections and prescription medication and took a few days off work. Additionally, Dr. Moses noted that Broadway "saw [a] neurosurgeon" and was "recently recommended surgery." This reference was to an evaluation that occurred prior to the work-related accident. Broadway thereafter resumed his same job duties without complaint or request for modification of his employment.

4

Broadway returned to Dr. Moses on October 2, 2009, where his complaints were essentially the same. Dr. Moses did not recommend different treatment nor restrict Broadway from working. There is no record of a worsening of his condition.

Broadway again returned to Dr. Moses on November 3, 2009, for unrelated ear complaints. No mention of his back was made. A note was made in the chronic problem section of the report referring to "chronic joint disease." This same notation was made in a March 6, 2009 office visit which predates Broadway's work-related accident. Broadway was also noted to have chronic degenerative joint disease one month prior to the work injury on April 1, 2009.

Broadway then saw Dr. Jorge Martinez on December 28, 2009. He did not report a work injury in April, but did report having pain since July. Dr. Martinez made the same recommendation for surgery that he made on July 11, 2008. Dr. Martinez later testified regarding the causal connection and aggravation stating, "It is possible." When made aware that Broadway continued to work without complaint, he also acknowledged the April accident may not have "did anything."

Furthermore, Dr. Martinez testified he personally reviewed the MRI performed in July 2008 and compared it to the MRI of December 2009. He found no real change between the films and testified the findings were the same.

The OWC judge held that Broadway failed to carry this burden of a causal connection between the injury reported on April 1, 2009 and the subsequent disability. The OWC judge found the testimony of Dr. Martinez credible and included it in his holding that Broadway failed to carry the burden of causation. Broadway's evidence shows only a possibility of a causative accident and, without more, it must fail. *See Prim v. City of Shreveport*, 297 So.2d 421 (La.1974). He relied on factual evidence that Broadway failed to show a reasonable possibility of

5

a causal connection between the incident on April 1, 2009, and his later disability and that Broadway failed to prove by preponderance of the evidence that the incident of striking the stump on April 1, 2009, aggravated, accelerated, or combined with his previous low back condition to render him entitled to workers' compensation benefits. The history provided to Dr. Moses subsequent to the April accident was that he jarred his back using different types of equipment. Medical records and physician testimony do not support Broadway's assertion of a causal connection. The OWC judge reasonably found that Broadway failed to carry his burden of proof. The OWC judge was reasonable in his denial of benefits.

### 3. *Presumption of disability issue*

An injured employee bears the burden of establishing by preponderance of the evidence a causal connection between the work-related accident and the disability. *Walton v. Normandy Vill. Homes Assoc., Inc.*, 475 So.2d 320 (La.1985). If an employee suffers from a pre-existing medical condition, he can still prevail if he proves the accident "aggravated, accelerated, or combined with the [prior condition] or infirmity to produce death or disability for which compensation is claimed." *Id., citing Lucas v. Ins. Co. of N.A.*, 342 So.2d 591 (La.1977).

It is recognized that in a case involving a pre-existing condition, the employee is aided by a presumption regarding causation specifically where an employee proves that before that accident he had not manifested disability symptoms, but that commencing with the accident, the disability symptoms appeared and manifested themselves and the medical or circumstantial evidence indicates a reasonable possibility of a causal connection between the accident and the activation of the disabling condition. *Walton*, 475 So.2d at 324-25, *citing, Haughton v. Fireman's Fund Am. Ins. Cos.*, 355 So.2d 927 (La.1978) and *Hammond*, 419 So.2d 829. It is also recognized that an injured employee who is in

good health prior to the alleged work accident, but subsequent to the accident, symptoms of the disabling condition appear, the injured employee is entitled to a presumption that the disability resulted from the accident. *Allor*, 393 So.2d 1233.

In the instant case, Broadway was not in good health prior to the accident on April 1, 2009. He underwent prior neck and back surgeries in 2005, 2007, and 2008. He sought medical treatment from Dr. Martinez prior to the accident asserting he had back pain radiating to his left hip and calf, which was aggravated by activities such as standing, walking, sitting, or bending. Dr. Martinez recommended surgery prior to the accident in dispute. Broadway returned to work after the April 1, 2009, accident and continued to work through January 2, 2010, having only seen his treating physician, Dr. Moses, once after the work accident regarding his back complaints at which time he did not complain of new or worsening symptoms. He did not report that he was incapable of performing his job and only missed work as a result of the injury immediately after it occurred when he took a few days off.

Broadway's claim is not aided by the presumption as he did not prove that before the accident he did not manifest disabling symptoms. It is clear from the facts presented that Broadway had prior pain issues and had been recommended surgery by a neurosurgeon. Medical records by his treating physician also acknowledge this fact.

The OWC judge, in his ruling, cited cases where treating physicians **unequivocally** found the alleged accidents in question aggravated, accelerated, or combined to cause greater disabilities. *See Rivers v. Bo Ezernack Hauling Contractor, Inc.*, 09-991 (La.App. 3 Cir. 3/10/10), 32 So.3d 1091, *writ denied*, 38 So.3d 309 (La. 6/4/10); *Johnson v. Louisiana Container Company*, 02-382 (La.App. 3 Cir. 10/2/02), 834 So.2d 1052, *writ denied*, 02-3099 (La. 5/9/03), 834

7

So.2d 394; *Hutchison v. Aldworth Co., Inc.*, 04-0024 (La.App. 4 Cir. 11/10/04), 888 So.2d 1052, *writ denied*, 04-3037 (La. 2/18/05), 896 So.2d 38; *Trent v. Triad Elec. & Controls, Inc.*, 09-1192 (La.App. 3 Cir. 4/7/10), 34 So.3d 484; *Mailhes v. District Attorney of Parish of Calcasieu*, 07-265 (La.App. 3 Cir. 10/10/07), 967 So.2d 600, *writ denied*, 07-2170 (La. 1/11/08), 972 So.2d 1165. He found the instant case different from the foregoing cases because there was no unequivocal testimony by Dr. Martinez or Dr. Moses. Dr. Martinez testified the April 1, 2009, incident could have aggravated Broadway's prior low-back condition or it could simply be a continuation of a gradual deterioration and progression of his already undisputed low-back condition, known nerve damage, and joint disease. The OWC judge also relied on *Breaux v. Northwestern State University*, 09-1162 (La.App. 3 Cir. 5/5/10), 36 So.3d 1099, finding the worker bears the burden of proving by preponderance of the evidence an aggravation and when the opinion of the physician is only that it **could be** that an accident aggravated his condition, it does not sustain the burden of proof. *See also Lynn v. Berg Mech.*, 26,353 (La.App. 2 Cir. 1/25/95), 649 So.2d 139.

Dr. Martinez testified the two MRI films indicated the findings were the same and there were no new injuries that were not present prior to April 1, 2009. Dr. Moses did not refer Broadway to physical therapy or to another physician, nor restrict his work activity following the accident. The OWC judge therefore held that Broadway did not have a new injury on his diagnostic studies following the accident.

The OWC judge did not commit legal error in his analysis. Furthermore, there was no manifest error as to factual findings relating to a causal relationship between the disability and the employment injury. He was reasonable in denying Broadway's contention that his condition worsened as a direct result of the April 1,

2009 accident. The OWC judge is in the best position to determine credibility as to witnesses and testimony. *See Bruno v. Harbert Int'l Inc.,* 593 So. 2d 357 (La.1992). In weighing the testimony of Mr. and Mrs. Broadway against that of Dr. Martinez and Dr. Moses, it is clear he held that Mr. Broadway's condition was not due to the April 1, 2009 accident. The OWC judge was reasonable in this determination.

**4.** *Claim dismissal*

The OWC was not manifestly erroneous in his denial of Broadway's claim for failure to carry his burden of proof. As such, Broadway is not entitled to penalties and attorney's fees. *Sharbono v. H & S Constr. Co.,* 478 So.2d 779 (La.App. 3 Cir. 1985). Furthermore, he never made a demand for payment of workers' compensation benefits related to the work accident on April 1, 2009. Such a claim would be prescribed as per La.R.S. 23:1209, as the claim was filed more than one year from the date of the accident.[2]

Broadway is not entitled to benefits including indemnity, medical benefits, penalties and attorney's fees.

**CONCLUSION:**

The OWC judge was not manifestly erroneous when he held that Broadway failed to meet his burden of proof and, as such, was not entitled to workers' compensation benefits or any penalties. The OWC judge was reasonable in its findings of fact and consequent dismissal. As such, there is no manifest error and the judgment is affirmed.

Costs of this appeal are assigned to Mr. Broadway.

**AFFIRMED.**

---

[2] The first time Broadway made a demand for payment was with the filing of the Disputed Claim for Compensation on June 28, 2010.

9